Corbett vs. Anderson and another.

CORBETT, Appellant, vs. ANDERSON and another, Respondents.

*February 27 — May 23, 1893.*

*Contracts: Hauling of logs: Failure to furnish road: Abandonment of contract: Damages.*

1. Plaintiff agreed to haul certain logs for defendants, beginning not later than January 4 and hauling at a certain average rate after January 10, and, if he failed to a certain extent in performance, to forfeit all rights under the contract. Defendants agreed to have the road in condition to be used at the beginning of the hauling. Plaintiff commenced the work as agreed, but the road was not in condition to be used, and on January 19 defendants agreed to make a new road. They failed, however, to do so with reasonable diligence, and on January 27 plaintiff abandoned the contract. *Held,* that after defendants' delay in providing a suitable road for so long a time during the best portion of the logging season, plaintiff was justified in abandoning the contract, although when he did so the defendants were, to his knowledge, ready and willing to proceed with reasonable diligence to complete the road.

2. The mere fact that plaintiff used the new road for two or three days while it was incomplete did not preclude him from insisting upon such completion as a condition precedent to performance on his part.

3. Upon so abandoning the contract plaintiff was entitled to recover as damages at least the amount of the profits which he would have realized had he not been precluded from performing.

APPEAL from the Circuit Court for *Douglas* County.

This action was commenced in February, 1892. For a first cause of action the complaint alleges that December 19, 1891, the defendants, under the firm name of *Anderson & Kennedy*, entered into an agreement in writing with the plaintiff, whereby the latter agreed, among other things, in effect, to end-stamp, haul, and deliver in good, straight rollways lying lengthwise with the stream on the Black River in Douglas county, all the logs cut by the said *Anderson & Kennedy* during the logging season of 1891–92, on the premises therein described, and to begin such hauling not later than January 4, 1892, and to continue the same until completed, hauling an average of 70,000 from and after January 10, 1892, and that if he failed to a certain extent he should be deemed to have forfeited his contract and all rights thereunder; that *Anderson & Kennedy* therein agreed to have all roads used in the hauling of such logs open and in condition to be used at the beginning of such hauling, and to furnish the plaintiff with the tools used in hauling such logs therein mentioned, and to pay $1 per 1,000 feet, board measure, for the logs so hauled; that thereupon, and at great expense to himself, the plaintiff employed teamsters and teams to enable him to perform the conditions of said written contract to be kept and performed on his part; that January 4, 1892, he began to haul logs over the road made therefor by the defendants, with seven teams, and at no time thereafter used less than seven teams, with the necessary number of teamsters and other men for managing the same and to attend to loading, unloading, end-stamping, and banking of logs; that said road was not good or in a fit condition to be used January 4, 1892, for such hauling, nor at any time thereafter; that January 19, 1892, the defendants condemned said road, and requested the plaintiff not to take his teams away and not to leave their employ, and informed him that they

Corbett vs. Anderson and another.

would make a new road at once; that at the defendants' request the plaintiff entered into an oral modification of said written contract, in and by which the defendants agreed, in effect, that they would make a new road, over which the plaintiff could haul between four and five thousand feet of logs, board measure, at a load, and would furnish the plaintiff between four and five million feet of logs to be hauled during said season, and the necessary blocks, tackle, and extra team to assist the plaintiff in hauling each load of logs up a certain hill on such new road, and that they would make said new road a good and suitable road, safe in every particular for hauling such logs, and would at all times keep the same in good condition, and to pay for such hauling seventy-five cents per thousand feet, board measure; that January 25, 1892, the plaintiff began to haul logs over said new road, but that the same was not then, nor has it been at any time since, in a fit, suitable, or safe condition to haul logs over, and that the defendants neglected and refused to place said road in a fit condition to haul logs thereon, though often requested so to do; that they also failed to furnish other things alleged; that at no time had said road been in such condition that the plaintiff could haul more than 1,500 feet of logs, board measure, at each load; that the plaintiff had duly performed all the conditions of said contract on his part, except in so far as he had been prevented by the nonperformance of the defendants; that January 27, 1892, by reason of such failure, neglect, and refusal of the defendants to provide such road, the plaintiff was forced to abandon said contract, and had lost the use of his teams for said season, and the profits he would have made on said contract had the defendants provided said road as agreed upon; and that the plaintiff had thus been thrown out of employment, to his damage in the sum of $3,000.

For a second cause of action the complaint alleges, in

effect, that during the time mentioned the plaintiff hauled, end-stamped, and banked for defendants 424,000 feet of logs, board measure, and that there was due therefor to the plaintiff the sum of $424, no part of which has been paid, and demands judgment for said sums.

The defendants answered, by way of denials and counter allegations and admissions, and alleged, in effect, that such new road was made by them and at all times kept in good condition to be used by the plaintiff, and that they had furnished the plaintiff with all blocks, tackle, and other things agreed by them to be so furnished, and had performed the contract on their part; that during January, 1892, they had advanced and paid to the plaintiff, for such hauling, $870.37; and also alleged the same by way of counterclaim; and also alleged, by way of counterclaim, the expenditure of $125 in building and erecting such new road, and claimed damage for the plaintiff's failure to comply with the contract. To such answer the plaintiff replied, denying each and every allegation of the counterclaims.

At the close of the trial the jury returned a special verdict to the effect (1) that the new road, at the time the plaintiff abandoned the contract, was not such a logging road as the defendants agreed to furnish for the plaintiff's use; (2) that after the making of the new contract the defendants did not, with reasonable diligence, up to the time the plaintiff abandoned said contract, provide him such a logging road as had been agreed upon; (3) that it would have cost the plaintiff, to have furnished the road so as to have satisfied the requirements of the contract, $500; (4) that the defendants were, to the plaintiff's knowledge, when he abandoned the contract, ready and willing to proceed with reasonable diligence to make the road such as they had agreed to furnish for the plaintiff's use; (5) that it would have cost the plaintiff, to have hauled the logs over such a logging road as the one agreed upon, sixty

Corbett vs. Anderson and another.

cents per 1,000 feet; (6) that the plaintiff could have hauled, during the balance of the logging season, over such a logging road as the one agreed upon, 3,600,000 feet; (7) that the defendants have advanced and paid to the plaintiff, or on his account, in money and material, $454.80; (8) that the new logging road cost the defendants, up to the time the plaintiff abandoned the contract, $200; (9) that the plaintiff did not voluntarily abandon his contract; (10) that the defendants agreed to pay the plaintiff for hauling logs, under the second contract, seventy-five cents per 1,000 feet; (11) that the plaintiff earned, hauling logs under the first contract, $415.50.

Upon such special verdict both parties moved for judgment. The court denied the plaintiff's motion, and ordered that judgment be entered in favor of the defendants, against the plaintiff, for the sum of $39.30, and interest thereon from the commencement of this action, amounting to $92.45, besides costs and disbursements herein to be taxed. From the judgment entered thereon accordingly, the plaintiff appeals.

*Alexander Athey*, for the appellant, argued, among other things, that one who fails to perform a condition precedent and thereby prevents the other from performing the contract violates the contract, and one who keeps the other from fulfilling must pay the same as though it were fulfilled. *Salvo v. Duncan*, 49 Wis. 151; *Majors v. Hickman*, 2 Bibb, 217; *Carrell v. Collins*, id. 429; *St. Louis v. McDonald*, 10 Mo. 609.

For the respondents there was a brief by *Swift, Murphy & Bundy*, attorneys, and *Ross, Dwyer, Smith & Hanitch*, of counsel, and oral argument by *R. A. Bundy*. They contended, *inter alia*, that defendants were ready and willing to proceed with reasonable diligence to make the road such a logging road as they had agreed to furnish for plaintiff's use, and would have done so if plaintiff had not

rendered the building thereof useless by abandoning the contract. It is the duty of the party injured to accept reparation at the hands of the party injuring. 1 Sedgwick, Meas. of Dam. 168, note; *Dobbins v. Duquid*, 65 Ill. 464; *Parsons v. Sutton*, 66 N. Y. 92.

The following opinion was filed March 21, 1893:

CASSODAY, J. By the terms of the original contract the plaintiff was to begin hauling the logs January 4, 1892; and after January 10, 1892, he was required to haul at a specified rate or forfeit all rights under the contract. He appears to have commenced on time, with the requisite teams, men, and outfits; but the road upon which to haul the logs had not been furnished by the defendants as agreed upon. This operated to delay performance by the plaintiff in what is generally the best portion of the logging season. Of course the plaintiff's expenses continued whether his men and teams were idle or at work. It would seem that about January 19, 1892, the defendants induced the plaintiff to consent to their constructing a new road, and abandoned the purpose of completing the old one as they had agreed. The jury found, in effect, that the defendants did not provide such a new road with reasonable diligence; that up to the time the plaintiff quit the job, January 27, 1892, they had not furnished such new road as they had agreed, and hence the plaintiff, contrary to his desires, was forced to quit the job. Obviously, a man might be willing to enter upon the hauling of four or five million feet of logs early in January, when he would be entirely unwilling, if precluded from doing so until the 1st of February or later. It is conceded that the plaintiff was justified in suspending work upon the job by reason of the failure to furnish the road as agreed; but it is contended that after the plaintiff commenced hauling upon the new road, though incomplete, he had no right to abandon the contract so long as the de-

fendants were ready and willing to continue work thereon until it should be completed according to the contract. There had already been a delay of twenty-three days in the completion of the road. It does not appear how much more delay would have been necessary for such completion. The jury found that it would have cost $500 to complete the road so as to have satisfied the contract. The completion of the road by the defendants according to the contract was a condition precedent to performance on the part of the plaintiff. Such completion, even under the contract as modified, was necessarily to be in time to enable the plaintiff to perform his part of the contract during the logging season. A very large portion of the season had passed before the plaintiff quit the job. The mere fact that the plaintiff used the road for a short time while it was so incomplete, did not preclude him from insisting upon such completion as a condition precedent to performance on his part. Under the repeated adjudications of this court, we are constrained to hold that the plaintiff was justified in quitting the job, and that he is entitled to recover, as damages, at least the amounts of the profits which he would have realized had he not been precluded from performing the contract in the manner indicated. *Salvo v. Duncan*, 49 Wis. 151; *Nash v. Howie*, 59 Wis. 384; *Jones v. Foster*, 67 Wis. 297; *Cameron v. White*, 74 Wis. 425. It sufficiently appears from the verdict that such profits would have been fifteen cents per 1,000 feet for 3,600,000 feet, making $540. Deducting from this the $39.30 which the defendants paid in excess of the amount which the logs actually hauled came to, and it leaves a balance of $500.70. For substantially that amount the plaintiff moved the trial court for judgment upon the special verdict. We think this motion should have been granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to enter

Stacy and another vs. Milwaukee, Lake Shore & Western R. Co.

judgment on the special verdict in favor of the plaintiff and against the defendants for the amount of the last-mentioned sum and interest thereon from the date of the verdict, as damages, and costs to be taxed.

A motion for a rehearing was denied May 23, 1893.