WALSH, Respondent, vs. MYERS, Appellant.

*February 4 — February 18, 1896.*

*Contracts: Construction: Reference to previous agreement: Mutuality: Breach: Readiness to perform: Measure of damages.*

1. A contract for the purchase of lye cans, to be furnished "as heretofore," was not incomplete because it failed to fix the price to be paid, where up to that time such cans had been furnished under a previous agreement which did fix the price, and cans were thereafter furnished and paid for without any new agreement as to price.

2. By a written contract defendants agreed to take plaintiff's entire output of lye cans, and he was to continue to furnish them as theretofore their "entire wants for cans," which were to be not less than 10,000 cans per day. They agreed to keep him supplied with ample material so as to keep his force constantly employed, and the contract was "to continue in force as long as [the defendants] use lye cans." *Held,* that the contract was not void for want of mutuality.

3. Defendants having notified plaintiff that they would receive no more cans from him, and having made an exclusive contract with other manufacturers for all the cans to be used in their business, plaintiff was entitled to treat the contract with him as broken and to bring an action at once for the breach.

4. If, after such breach, there was no demand by defendants for further performance of the contract by plaintiff, it is immaterial whether or not he was at all times ready to perform.

5. The damages which plaintiff was entitled to recover for such breach were the profits which he would have realized on 10,000 cans per day during the life of the contract; and the allowance of profits, not on the basis of 10,000 cans per day, but on the basis of the smaller number actually used by defendants after the breach, and only until the dissolution of defendants' firm by the death of one of its members, was not an error prejudicial to defendants.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

The defendants were manufacturers and shippers of lye and potash, under the name Eagle Lye Works. The plaint-

iff was a manufacturer of tinware, under the name F. A. Walsh & Co. The plaintiff had, for a long time, manufactured cans for the defendants, from material furnished by them, for an agreed price, for use in their business. On August 20, 1889, the parties made a new contract in writing, in the words and figures following:

"Milwaukee, August 20th, 1889.

" *Messrs. F. A. Walsh & Co., City* —

"GENTLEMEN: In consideration that you will not ship to E. Myers & Co., of St. Louis, either nickel or one hundred per cent. lye cans, we herewith agree to constantly employ and take your entire output of lye cans, and you will therefore enter our order, and continue to furnish us, as heretofore, our entire wants for cans, which will not be less than 10 M (ten thousand) cans per day. We will specify from time to time, as heretofore, any excess of one size can or other. We also agree to keep you supplied with ample material, such as taggers' iron (of a good brand), so as to keep your force constantly employed. This contract is to continue in force as long as the Eagle Lye Works use lye cans.

"EAGLE LYE WORKS,

"Accepted August 20th, 1889. . per L. Myers.

. "F. A. WALSH & Co.,

"per F. A. Walsh."

The plaintiff manufactured all the cans which the defendants required in their business until May 8, 1891, when his factory was destroyed by fire. He at once proceeded to make arrangements to rebuild, and, in the meantime, to supply from other sources the cans which the defendants should require. Then the defendants informed him that they would receive no more cans from him. They had, in fact, on March 20, 1891, made a contract with Rosendale, Paine & Co. to receive all the cans to be used in their business from them, and to receive cans from no other source, with the purpose to terminate or repudiate their contract with the plaintiff.

From that time they furnished him no more material, and refused to receive more cans from him.

The action is to recover damages for the breach of the contract of August 20, 1889. It was tried by a referee, who found, at length and fully, the facts of which the foregoing is an epitome. The report of the referee was confirmed, and the plaintiff had judgment for $10,838.73 damages. This sum includes only a few small items besides an item of $10,299.98 for profits which the plaintiff would have made if the contract had been carried out "so long as the Eagle Lye Works use lye cans." The defendants' copartnership was terminated, by the death of one of the partners, June 23, 1894, and damages are estimated upon the profits which would have been made on the cans which were actually used in the defendants' business between the time of the breach and the death of the partner.

For the appellant there were briefs by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C. Winkler*. They contended, *inter alia*, that the uncertainties of this contract are such that recovery for anticipated profits cannot be sustained under it. *Howard v. Stillwell & B. Mfg. Co.* 139 U. S. 199; *Shadbolt & B. Iron Co. v. Topliff*, 85 Wis. 514, 525, 526; *Howe Machine Co. v. Bryson*, 44 Iowa, 159; *Allis v. McLean*, 48 Mich. 428; *Bolles v. Sachs*, 37 Minn. 315; *Dowd, Sons & Co. v. Duluth M. Co.* 55 id. 53, 57. The contract is inoperative for want of mutuality. *Campania Bilbaina v. Spanish-American L. & P. Co.* 146 U. S. 483, 497; *Bailey v. Austrian*, 19 Minn. 535; *Tarbox v. Gotzian*, 20 id. 139; *East Line & R. R. R. Co. v. Scott*, 71 Tex. 703; *Bolles v. Sachs*, 37 Minn. 315; *Davie v. Lumberman's M. Co.* 93 Mich. 491; *Bryant v. Smith*, 87 id. 525; *Cummer v. Butts*, 40 id. 322; *American C. O. Co. v. Kirk*, 68 Fed. Rep. 791.

For the respondent there was a brief by *Turner & Timlin*, and oral argument by *W. H. Timlin*. They argued, among other things, that in a written contract prices may be fixed

by reference to another schedule or price list, and the use of the words "as heretofore" in the contract had this effect, referring both to price and manner of payment. *Pittsburgh, Ft. W. & C. R. Co. v. Reno,* 123 Ill. 273, 280; *Shadbolt & B. I. Co. v. Topliff,* 85 Wis. 513, 526; *Harrow Spring Co. v. Whipple H. Co.* 90 Mich. 147; *Wells v. Alexandre,* 130 N. Y. 645; *Ruggles v. Swanwick,* 6 Minn. 526. The contract was not so indefinite in respect to its duration as to preclude the recovery of damages for its breach. *Treat v. Hiles,* 81 Wis. 280, 291; *Wetmore v. Aldrich,* 10 Mich. 516; *Anvil M. Co. v. Humble,* 153 U. S. 540; *Ela v. Bankes,* 37 Wis. 89; *Jugla v. Trouttet,* 120 N. Y. 21. The contract is not lacking in mutuality. Bishop, Cont. § 78; *Minneapolis M. Co. v. Goodnow,* 40 Minn. 497; *Cooper v. Lansing W. Co.* 94 Mich. 272; *National F. Co. v. Keystone Mfg. Co.* 110 Ill. 427. See, also, *Munro v. Edwards,* 86 Mich. 91; *McCartney v. Glassford,* 1 Wash. 579; *Wells v. Alexandre,* 130 N. Y. 645; *Mississippi River L. Co. v. Robson,* 69 Fed. Rep. 773. As soon as defendants entered into their exclusive contract with Rosendale, Paine & Co. they were guilty of an entire breach of their contract with the plaintiff, for by its very terms it bound them to break off all further relations with the plaintiff. *Hopkins v. Young,* 11 Mass. 302; *Caines v. Smith,* 15 Mees. & W. 189; *Hochster v. De la Tour,* 2 Ellis & B. 678; *Ford v. Tiley,* 6 Barn. & C. 325; *Bowdell v. Parsons,* 10 East, 359; *Newcomb v. Brackett,* 16 Mass. 161; Bishop, Cont. § 1428; *Platt v. Brand,* 26 Mich. 173; *Lowe v. Harwood,* 139 Mass. 133; Benj. Sales, § 567; *Donovan v. Sheridan,* 24 N. Y. Supp. 116. A refusal, by one of the parties to a contract founded on mutual and concurrent conditions, to perform his covenants, will excuse the want of preparation by the other. *Smith v. Lewis,* 24 Conn. 624; *Cort v. Ambergate, N. & B. & E. J. R. Co.* 79 Eng. C. L. 127; *Hinckley v. Pittsburgh B. S. Co.* 121 U. S. 264; *Crane v. Powell,* 19 N. Y. Supp. 220; *Windmuller v. Pope,* 107 N. Y. 674; *Kingsland & F.*

*Mfg. Co. v. St. Louis M. 1. Co.* 20 Mo. App. 526; *De Loach v. Smith,* 83 Ga. 665; *Remy v. Olds,* 88 Cal. 537; *Lake Shore & M. S. R. Co. v. Richards,* 152 Ill. 59.

NEWMAN, J. It is urged that the instrument of August 20, 1889, is invalid as a contract, because it does not fix the price to be paid for the cans which were to be manufactured under it, and so was not a completed contract, but only in-choate, leaving most essential terms to be arranged by future agreement. If this is the real effect of the instru-ment it cannot be deemed a completed contract, nor in force, so as to bind the defendants to receive cans from the plaint-iff. But it appears that there had been a previous agree-ment in writing fixing the rate to be paid for such cans as this instrument provides for. The evidence shows that, from the date of that contract to August 20, 1889, the date of this last contract, like cans were furnished at the same prices, and were being then so furnished. It may well be deemed that the words of the contract, "You will therefore enter our order, and continue to furnish us, *as heretofore,* our entire wants for cans," contemplate the price as well as the size and quality of the cans. It is certainly competent that the court shall be informed of the situation of the parties, so that it can view the agreement from their situa-tion and standpoint, and ascertain from that vantage point what the parties intended by the words used (*Nilson v. Morse,* 52 Wis. 240); and then such a construction is to be given, if possible, as shall sustain, rather-than defeat, the contract (2 Parsons, Cont. (8th ed.), 621 (*503–4); *Redman v. Hartford F. Ins. Co.* 47 Wis. 89). And the fact that cans were furnished and paid for, without any new agree-ment fixing the price, down to the time of the fire, May 8, 1891, is entitled to weight as a practical construction by the parties themselves of this provision of the contract. *Nilson v. Morse, supra; Janesville Cotton Mills v. Ford,* 82 Wis.

416, 430. So it is considered that the words "as heretofore" imply as well the price as the size of the cans to be manufactured.

It is urged that the contract is void for want of mutuality. But this can hardly be; for, certainly, there are mutual promises which are good consideration for each other. The defendants agreed to furnish the material, and to receive not less than 10,000 cans per day, and the plaintiff agreed to furnish them "as heretofore." In form, he "accepted" the proposition made to him by the defendants.

The contract, by its terms, was "to continue in force as long as the Eagle Lye Works use lye cans." The notification to the plaintiff, by the defendants, at the time of the fire, especially when considered in connection with the contract previously made with Rosendale, Paine & Co., whereby they had bound themselves to receive no cans from any persons other than Rosendale, Paine & Co., was a complete excuse to the plaintiff from further performance of the contract upon his part. He might, at his option, consider the contract as rescinded (*School Dist. v. Hayne,* 46 Wis. 511); or he might treat the contract as broken, and bring an action at once for the breach. The plaintiff elected to treat this as a breach, leaving the contract still in force. This keeps the contract alive for the benefit of both parties, and made it necessary for the plaintiff to be in readiness to perform his part, if performance was demanded by the defendants. No such demand seems to have been made. There could be no breach or default on the part of the plaintiff, at this stage, unless he failed to perform on request. In the absence of such request and failure, it is unimportant whether he was always ready to perform. Under the circumstances, he was not bound to incur useless expense. 2 Parsons, Cont. (8th ed.), 781 (*667), note 1; 3 Am. & Eng. Ency. of Law, 904, 906; *Cameron v. White,* 74 Wis. 425; *Corbett v. Anderson,* 85 Wis. 218; *Tufts v. Weinfeld,* 88 Wis. 647; *Windmuller v. Pope,* 107 N. Y. 674.

Walsh vs. Myers.

No legal justification appears for the defendants' breach of the contract. It is clear that they no longer wished or intended to permit the plaintiff to manufacture cans for them. They did not afterwards request or furnish material for this manufacture, and had, previously, made an exclusive contract with others to make the cans. So the plaintiff is entitled to recover his damages. These are the profits which he would have realized if he had been permitted to make 10,000 cans per day during the life of his contract. In other words, he is entitled to recover the difference between the contract price and the cost of manufacture. *Cameron v. White*, 74 Wis. 425; *Corbett v. Anderson*, 85 Wis. 218; *Allen v. Murray*, 87 Wis. 41; *Tufts v. Weinfeld*, 88 Wis. 647. The trial court assessed the damages on this rule of profits. It estimated them on a conservative basis. Instead of estimating for cans at the rate of 10,000 per day, it estimated on the number of cans which were shown to have been actually used by the defendants, which was a considerably less number. It considered that the contract terminated when, by the death of one of its members, the firm was dissolved. Then, if the damages were estimated on a smaller number of cans and for a shorter period of time, that is favorable to the defendants and not error against them. If the action had been tried soon after the breach, it would have been permissible to estimate damages for the full number of cans agreed to be received, for at least the time from the breach, May 8, 1891, until June 23, 1894, the time of the dissolution of the partnership, which was a little more than three years. *Treat v. Hiles*, 81 Wis. 280. But it was possible, by a later trial, to ascertain more nearly the actual damages. It does not appear that the damages assessed are in excess of the damages properly recoverable.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.