### HELLER ET AL. v. ELLIOTT.

1. The condition of prepayment on a sale for cash may be waived by the vendor, so as to pass the title in the vendee. ·
2. On a sale for cash, the property being delivered, the vendee failed to pay on demand; the vendor thereupon took out an attachment against his property for the price of the article so sold; *held*, an affirmance of the sale and a waiver of the condition of payment before the vesting of the title.

In trover.

The plaintiff, on December 7th, 1881, sold to one De Leon three hundred and sixty bags of dried blood. The goods were delivered in lots, from time to time. De Leon became embarrassed in his business, and on December 16th, 1881, sold the above-mentioned goods, which had been mixed fertilizers, to one Levy. The *bona fides* of this sale to Levy was not questioned. He took possession under it. On the 17th of December, 1881, the plaintiff took out an attachment against the goods of De Leon, to recover the price of the said three hundred and sixty bags of dried blood, and caused the same, among other things, to be attached by the sheriff. Thereupon, the purchaser, Levy, replevied those goods and thereby took them from the sheriff, and after twenty-four hours they were delivered to him in that proceeding. On the 28th of December, 1881, the plaintiff in these attachment

proceedings made demand on Elliott and Levy to deliver the bags of dried blood in question, and on refusal, brought this action.

Argued at June Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and PARKER.

For the plaintiffs, *James B. Vredenburgh.*

For the defendant, *W. Brinkerhoff.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. It has been found by the jury that the merchandise which is the subject of this controversy was sold by the plaintiffs, on the condition that it should be paid for on delivery, and that consequently, by force of that contract, the title to the property, as the vendee failed to pay the price, did not vest in him. As the testimony was contradictory with respect to the terms of this sale, and was far from demonstrative in favor of the version of it given by either of the parties, this verdict must be taken as conclusive of the question.

Assuming, then, that the original bargain was that the title should not pass until payment of the price, the only question that remains to be disposed of is, whether the condition requiring prepayment was not waived by the plaintiffs. In my judgment, such must be the legal conclusion from the undisputed facts in the case. After the delivery of the merchandise in question by the vendor to the vendee, and after the sale of the same by the latter to one of the defendants, the plaintiffs caused an attachment to be issued against the property of their vendee for the price of these goods so sold and delivered, and caused them to be levied on under that writ. When the plaintiffs proceeded to enter upon this course of law, they were plainly in a position to adopt either branch of an alternative. They could have insisted that they were still the owners of the goods, and have retained them and sued the

vendee for his breach of his stipulation to accept and pay for them; or, they could waive the stipulation as to payment as a prerequisite to the vesting of the title, and sue for the stipulated price. This latter course was the one pursued by them when they sued out the writ of attachment, and that procedure is utterly incompatible with the theory that the title to the property had not become fixed in the vendee. The statement in the affidavit upon which the writ of attachment was founded, to the effect that the contract price was due and owing to the plaintiffs for the sale and delivery of these articles, was untrue if the title to such articles remained in the vendors, but was true in case the plaintiffs had elected to waive the condition as to prepayment. In effect, the plaintiffs, by their own oaths, have testified to the exercise of their option in favor of letting the transaction stand as an unconditional and completed sale. The legal force of that conduct was to place the title to this property in their vendees, and having once placed it there, they could not at will retake the title so yielded up. The present suit can be vindicated by them only on the ground that their sworn statements in the first proceeding were knowingly untrue, and the seizure of the defendants' property by virtue of it wilfully illegal and oppressive. The law will not tolerate such perversions of truth and justice. The plaintiffs have no title to the chattels in dispute, and they must fail in this suit.

The case of *Morris* v. *Rexford*, 18 *N. Y.* 552, cited in the brief of counsel, is illustrative of the legal doctrine. The transaction was a bargain and sale of goods for cash, and the vendee took possession, but failing to pay the price, the goods were replevied by the vendor; and it was decided this conduct was a disaffirmance of the sale and was a bar to a subsequent action for the purchase money, the court saying: "A vendor of goods on a sale and delivery upon cash terms, if he fails to get payment, may consider the delivery absolute and rely on the responsibility of the vendee, or he may disaffirm and reclaim his property. But he cannot do both of these things. The remedies are not concurrent, and the choice be-

tween them once being made, the right to follow the other is forever gone. The law tolerates no such absurdity as a seizure of goods by a person claiming that he has never sold them, and an action by the same person, founded on the sale and delivery of the same goods, for the recovery of the price."

This I consider a correct exposition of the legal doctrine involved in the present case. The fact that the plaintiffs subsequently abandoned their attachment proceedings, can have no effect. They affirmed the sale in an incontestable form by their affidavit of the vendee's indebtedness to them, and by taking out and executing the writ of attachment, and it was their power subsequently to revoke the sale which by their own conduct they had completed.

The defendants are entitled to a new trial.