JAMES E HELLER ET AL., PLAINTIFFS IN ERROR, v. ROBERT ELLIOTT ET AL., DEFENDANTS IN ERROR.

The making of an affidavit in attachment by a vendor of goods, and the issuing of the writ thereon, constitute a waiver of the right to reclaim the property, and are an affirmance of the sale.

---

In error to the Supreme Court.

For the plaintiffs in error, *J. B. Vredenburgh.*

For the defendants in error, *W. Brinkerhoff.*

The opinion of the court was delivered by

THE CHANCELLOR. The proceedings in this case bring up for review a judgment of non-suit entered in the Supreme Court in an action of trespass on the case for trover and conversion. The suit was brought to recover the value of merchandise sold and delivered by the plaintiffs to Perry M. De Leon. The terms of the sale were cash on delivery. The goods were not paid for. De Leon, becoming embarrassed, sold them to the defendant Levy. The plaintiffs having demanded payment from De Leon and not getting it, issued an attachment against his property to recover the money. The attachment was levied on the goods and other property. Levy replevied them and they were returned to him on that pro-

·ceeding. The plaintiffs then discontinued their attachment and brought this suit to recover the value of the goods, on the ground that inasmuch as they were sold for cash, to be paid on delivery, and the price was not paid, no title passed by the ·delivery. The judge at the Circuit non-suited the plaintiffs, on the ground that they had waived their right to reclaim the property, and had elected to treat the sale as absolute and unconditional. The evidence of the waiver and election was the making, by Heller, of the affidavit in attachment and the issuing of the writ. That these acts constituted a waiver of the right of reclamation and were an affirmance of the sale, there can be no question. The plaintiffs, however, urge that they were done in ignorance of the facts, and that therefore they ought not to be held to be evidence of waiver or election. But the evidence is that the reason why the plaintiffs did not have recourse to the remedy of reclamation, was that they supposed that the goods were out of reach, and they, therefore, chose to proceed by attachment to recover the price. They were properly held to be bound by their action. The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, GREEN, PATERSON, KIRK, WHITAKER. 14.

*For reversal*—None.