JOSEPH J. CLARON, complainant-appellant,

*v.*

FRED THOMMESSEN, defendant-respondent.

[Decided October 20th, 1924.]

1. One who, under a contract to sell lands, demands of the purchaser performance of the contract in advance of the day fixed in the agreement, taking no further steps looking to a performance, and while retaining the deposit money, is not entitled under a bill for relief to have the agreement expunged from the record and surrendered for cancellation.

2. Where a purchaser sues to recover a deposit made under an agreement to purchase lands he thereby commits himself to a rescission of the contract, and cannot thereafter compel specific enforcement of the contract in equity.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll.

*Messrs. Bourgeois & Coulomb,* for the appellant.

*Mr. John C. Reed* and *Mr. Robert H. McCarter,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

Joseph J. Claron, complainant in the court below, was the owner of property in Atlantic City known as the Albany Arms Hotel, and in September, 1921, entered into an agreement with Fred Thommessen, the defendant below, for the sale of the property at the price of $27,000, Claron giving to Thommessen a receipt as follows:

> *"Agreement—J. J. Claron and Fred Thommessen.*
>
> "Sept. 4, 1921.
>
> "Received of Fred Thommessen one thousand ($1.000) to bind the bargain of the Albany Arms Hotel and 183 ft. on Albany avenue by 105 ft. depth.

"Place is to be turned over complete with the exception of personal belongings approximately $300 in value. Sales price twenty-seven thousand dollars ($27,000)—$10,000 cash, mortgage of $17,000 for three years. Commission to Foss ($500). Agreement to be drawn in the South Jersey Title Co., Sept. 6, 11 P. M., and all adjustments to be made at date of settlement. Possession to be given the 17th or before.

"J. J. CLARON."

The agreement was never carried out by the parties. It was followed, however, by a sequence of events in which each party participated. It fairly appears from the evidence that the agreement was inadvertently dated September 4th; the real date was September 6th. There arose almost immediately some uncertainty between the parties as to whether the agreement would be carried out, due, as claimed by Claron, to Thommessen's inability to finance the sale, and, as claimed by Thommessen, to Claron's refusal to deliver a quantity of intoxicants, which he insisted were part of the bargain.

September 16th, 1921, Claron served upon Thommessen this notice:

"Take notice that I insist upon your performing the terms of your agreement for the purchase of the Albany Arms and that if you intend to demand possession thereof on September 17, 1921, as per our agreement, settlement must be made not later than Friday, September 16, 1921, at 11 o'clock in the forenoon, at the South Jersey Title and Finance Company's office.

"Dated September 15, 1921.

"J. J. CLARON."

Matters were then permitted to remain in abeyance, and nothing was done by either party in furtherance of the agreement. On January 31st, 1922, Claron entered into a contract to sell a portion of the property to other persons. On February 14th, 1922, Thommessen caused the receipt given to him by Claron to be recorded in the clerk's office of Atlantic county. On March 7th, 1922, Thommessen commenced an action in the supreme court to recover the $1,000 deposit money paid to Claron on the signing of the above receipt, alleging that a part of the consideration of the pur-

chase price were the above-mentioned intoxicating liquors, and that these liquors Claron had refused to deliver. This action was subsequently discontinued.

On the 18th of March, 1922, Claron filed a bill in the court of chancery under an act entitled "An act to compel the determination of claims to real estate in certain causes and to quiet title to the same," to have the cloud upon his title, occasioned by the filing of the receipt of September 6th, removed. This suit proceeded to a final decree, and the bill was dismissed on the ground that the complainant was not within the purview of the act. This decree was affirmed by the court of errors and appeals. *122 Atl. Rep. 435.* On April 6th, 1923, the present bill was filed under the general powers of the court of chancery to compel the cancellation of the receipt and its removal from the records of the clerk's office in Atlantic county. To this bill an answer was filed denying the equities of the complainant's bill, and by way of counter-claim praying a decree for specific performance of the contract and a conveyance of the lands to the defendant. On this state of facts a decree was entered in the court below denying the prayer of the complainant for relief and awarding to the defendant the specific performance of the contract as prayed for in his answer.

We agree with the conclusion of the vice-chancellor denying to the complainant, Claron, the right to have the receipt expunged from the records of the clerk's office in Atlantic county and canceled. It will be observed that the receipt given at the inception of the negotiations called for possession to be given by Claron on the 17th day of September, 1921. It also called for an agreement to be drawn at the South Jersey Title Company on September 6th (7th) at eleven P. M. Even if this agreement be regarded as expressing all that the parties contemplated, the complainant's notice of September 15th insisting that if the defendant intended to demand possession on September 17th, 1921, settlement must be made not later than Friday, September 16th, 1921, at eleven o'clock in the forenoon, was in anticipation of any time fixed in the agreement for settlement.

Whether under that agreement the 17th of September be regarded as the contemplated time of settlement, or whether a reasonable time would be construed to result from the agreement itself, it was not within the power of Claron to require settlement on the 16th of September as a condition of performance of the agreement on his own part. Under these conditions, and in the absence of any subsequent legal demand upon Thommessen for compliance with the agreement by Claron, the latter, still retaining the deposit money of $1,000, is not entitled to come into a court of equity to be relieved of the agreement made by himself and with which he had, in effect, failed, if not refused, to comply by making conditions of performance outside of the agreement with which Thommessen was not obliged to conform.

With the decree awarding specific performance of the contract to Thommessen we cannot agree. If Claron is precluded from relief, Thommessen is in no better plight. When on March 7th, 1922, following the long lapse of time in which he made no effort to complete the purchase, he instituted suit against Claron to recover the deposit money of $1,000, he irrevocably committed himself in solemn form to a repudiation of all obligation under the agreement. Having taken this step in rescission of the contract, he will not now be permitted to seek its enforcement in a court of conscience.

The views above expressed make unnecessary a consideration of the sufficiency of the agreement under the statute of frauds, or whether the agreement represented the completed contract between the parties. On grounds apart from these, and for the reasons already stated, the decree dismissing the bill of Claron will be affirmed, and the decree in favor of the defendant, Thommessen, will be reversed.

*Reversed as to Thommessen*—The Chief-Justice, Tren-
chard, Parker. Minturn, Kalisch, Black, Katzenbach,
Campbell, Lloyd, White, Van Buskirk, Clark, McGlen-
non, Kays—14.