MULFORD T. ROSE et al., complainants,

*v.*

GEORGE J. BUCKLEY, MARGARET V. BUCKLEY and IDA REINHARDT, defendants.

[Submitted October 29th, 1924.   Determined October 30th, 1924.]

**Specific Performance—Institution of Suit to Recover Deposit Money Commits Purchaser to Repudiation of Obligation Under Agreement—Such Step Having Taken, He is Not Now Permited to Seek Enforcement in Court of Conscience.**

On bill for specific performance.

*Messrs. Bourgeois & Coulomb,* for the complainants.

*Messrs. Endicott & Endicott,* for the defendants.

INGERSOLL, V. C.

I recently filed a memorandum as follows:

"At the time of the hearing there was pending in the Atlantic county circuit court proceedings in attachment

brought by Rose against the defendant Buckley and others, for the return of the money paid by him on account of the purchase of the property described in his bill of complaint."

I am now informed that this writ of attachment was dis-missed on March 14th, 1924.

I desire to hear counsel's views upon the question, "Was the issuance of this writ an election by complainant [plaintiff] and is it now binding upon him?"

The court of errors and appeals in an opinion in *Claron* v. *Thommessen,* filed very recently, and not yet reported, states the rule to be:

"When he [the purchaser] instituted suit against Claron [the seller] to recover the deposit money, he irrevocably committed himself in solemn form to a repudiation of all obligation under the agreement.  Having taken this step in rescission of the contract, he will not now be permitted to seek its enforcement in a court of conscience."

This court is bound by this statement of the law as expressed by the court of errors and appeals, and the bill must therefore be dismissed.