ANTHONY MATURI, RUDOLPH CORRADO and JOSEPH MACHETTO, complainants-appellants,

*v.*

CATHERINE M. FAY, ANNA E. FAY, JAMES P. FAY and WILLIAM J. FAY, defendants-respondents.

[Decided May 18th, 1925.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lewis, upon rehearing, who filed the following opinion:

"It appears, from the agreed stipulation of facts submitted and the record in *Maturi* v. *Fay,* that the complainants first instituted a suit in the Hudson county circuit court for the,

return of the deposit money paid on account of the contract, together with fees for searches and disbursements under the statute. Later, this suit was discontinued, and the present bill for specific performance was filed.

"If this is a correct assumption of the facts, it is clear that it comes specifically within the situation involved in *Claron* v. *Thommessen, 96 N. J. Eq. 650,* and would be governed by the opinion of the court of errors and appeals in that case. The facts in that case on this point are identical with the facts in the present case, if my understanding of those facts is correct as above outlined.

"Judge Lloyd says, in the case of *Claron* v. *Thommessen,* that 'when on March 7th, 1922, following the long lapse of time in which he made no effort to complete the purchase, he, Thommessen, instituted suit against Claron to recover the deposit money of $1,000, he irrevocably committed himself in solemn form to a repudiation of an obligation under the agreement. Having taken this step in rescission of the contract he will not now be permitted to seek its enforcement in a court of conscience.'

"At the time I prepared my memorandum in *Maturi* v. *Fay, 96 N. J. Eq. 472 (September 20th, 1924),* my attention had not been called to any decision in this state dispositive of the question of binding election of remedies in this respect, and inasmuch as the decisions in other jurisdictions were in conflict, I inclined to the view that the institution of the suit to recover the deposit money and for damages, instituted in the Hudson county circuit court, which was afterwards abandoned, did not bind the complainants to a repudiation of the contract, nothing being shown in the facts submitted making it unjust to the opposite party.

"The opinion of the court of errors and appeals in the case of *Claron* v. *Thommessen (supra),* however, decided since my memorandum was filed, fixes the rule in this respect, as above indicated; and I, of course, am bound by it in the present case.

"In view of the fact that the decree has not yet been advised, and this situation appears clearly upon the re-hearing, I feel bound to depart from my conclusion formerly expressed in my previous memorandum, and to now advise a decree denying specific performance of the contract and dismissing the bill."

*Mr. Atwood C. Wolf,* for the complainants-appellants.

*Mr. L. Edward Herrmann,* for the defendants-respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed by Vice-Chancellor Lewis in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 13.

*For reversal*—None.