MULFORD T. ROSE et al., complainants-appellants,

*v.*

GEORGE J. BUCKLEY et al., defendants-respondents.

[Argued May 22d, 1925. Decided October 19th, 1925.]

An action in attachment begun for the purpose of recovering a deposit of money paid on a contract of purchase of real estate constitutes, in effect, a rescission of the contract on the part of the plaintiff in such action, and precludes the bringing of a subsequent suit for specific performance in enforcement of the contract.

On appeal from a decree of the court of chancery.

*Messrs. Bourgeois & Coulomb,* for the appellants.

*Messrs. Endicott & Endicott,* for the rspondents.

PER CURIAM.

This appeal is from a decree dismissing appellants' bill filed in the court of chancery to compel specific performance of a contract for the sale of real estate. The bill was dismissed by the vice-chancellor on the authority of the opinion of this court in the case of *Claron* v. *Thommessen, 96 N. J. Eq. 650.* The appellant in his brief says: "We assume, therefore, that this court will not undertake to pass upon the

merits of the complainant's case for specific performance, but will confine itself to a consideration of the correctness of the views expressed by the court of chancery." Following this assumption we will content ourselves with the simple statement that we concur in the view expressed by the vice-chancellor that the case was controlled in principle by the case above cited. Since the opinion in the *Claron Case* was filed, however, the case of *Maturi* v. *Fay, 98 N. J. Eq. 377,* was decided by this court, and the precise question here involved, which is whether the commencement of an action in rescission of a contract barred a second action seeking its enforcement, and it was held, following *Claron* v. *Thommessen, supra,* that such was the effect. In the present case the appellant issued an attachment seeking thereby to recover the deposit money. Having done so, he cannot now retrace his steps and obtain enforcement of the contract which he has once repudiated.

The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, JJ. 13.

*For reversal*—None.