This is a bill for specific performance. The sole question argued is whether an action instituted by complainant in the Newark district court to recover his deposit is a rescission of the contract. It is admitted that such a suit was instituted and that a nonsuit was entered.
In the case of Claron v. Thommessen, 96 N.J. Eq. 650, the court of errors and appeals, speaking through Mr. Justice Lloyd, says:
"When * * * Thommessen instituted suit against Clarion to recover the deposit money of $1,000 he irrevocably committed himself in solemn form to a repudiation of an obligation under the agreement. Having taken this step in rescission of the contract, he will not now be permitted to seek its enforcement in a court of conscience."
In the above matter an action was begun but later abandoned. It will be noted, therefore, that the institution of *Page 138 
the suit works the repudiation. What became of it is immaterial. This doctrine was followed by Vice-Chancellor Lewis in Maturi
v. Fay, sustained on his opinion by the court of errors and appeals in 98 N.J. Eq. 377. The case of Storch v. Tepperman,4 N.J. Adv. R. 147; 99 N.J. Eq. 48, cited by the complainant, does not sustain his position. Vice-Chancellor Backes says, "an election to take damages for breach of contract for the sale of land will bar specific performance." But he found in the case before him that there was not such an election.
I will advise a decree dismissing the bill.