23 N.J. Super. 543 (1952)
93 A.2d 195
DIAL PRESS, INCORPORATED, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
SIDNEY G. PHILLIPS, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 17, 1952.
Decided December 15, 1952.
*545 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. Nathan Reibel argued the cause for plaintiff-respondent and cross-appellant (Messrs. Forman & Forman, attorneys).
Mr. Arthur C. Gillette argued the cause for defendant-appellant and cross-respondent.
The opinion of the court was delivered by FRANCIS, J.C.C. (temporarily assigned).
Appellant Sidney G. Phillips suffered a summary judgment of $6,000 on a note made by him to respondent's assignor, as payee, and he appeals therefrom. Respondent has filed a cross-appeal alleging error in the refusal of the trial court to allow interest on the note.
Factually the record discloses that prior to April 9, 1947 appellant and one Burton C. Hoffman were employees and stockholders of respondent corporation. Hoffman was president and principal stockholder; Phillips held a ten-year employment agreement. In addition, they were stockholders of another corporation, Dryden Press. On the date mentioned Hoffman contracted to sell his Dryden Press stock to *546 Phillips for $6,000. The purchase price was evidenced by a non-negotiable and non-interest-bearing promissory note, dated April 9, 1947 and payable on January 2, 1948 "at Dial Press Inc., 461 Fourth Ave., New York 16, N.Y. in accordance with the endorsement on the reverse" thereof. The endorsement read:
"Dear Mr. Hoffman,
I hereby authorize you on presentation and endorsement and in satisfaction of this note to collect on January 2, 1948 from funds or compensation due me from Dial Press, Inc. the sum of Six thousand dollars (6,000.00) as per our agreement of April 9, 1947."
On November 3, 1947 respondent wrongfully discharged Phillips and pursuant to his employment contract arbitration proceedings were entered into for the purpose of determining his resulting damage. On October 8, 1948 these proceedings eventuated in an award of $45,000 to Phillips and against Dial Press, Inc. The award was docketed in the New York Supreme Court on October 26, 1948 and under the applicable statute became an enforceable judgment.
During the course of the arbitration proceedings Phillips requested that $6,000 be deducted from any sum found due to him, for the purpose of satisfying the note given for Hoffman's stock. However, the arbitrators declined to do this because Hoffman was not a party to the proceeding. In any event, Hoffman, who as already pointed out was president of Dial Press, Inc., made no effort to collect on the note out of the $45,000 award and permitted the fund to be paid to Phillips.
The reason for the failure to seek and to obtain payment of this note out of the moneys in possession of Dial is found in some evidence which appeared in the arbitration proceeding and in Hoffman's subsequent conduct. At the hearing it appeared that the stock acquired by Phillips for $6,000 had been sold by him later for $50,000. In October 1948 Hoffman instituted suit against Phillips in the New York Supreme Court seeking a rescission of the contract for the *547 sale of the stock on the ground of misrepresentations and fraud. In the complaint he offered to return the $6,000 note for the stock.
The action was never moved and subsequently, on April 5, 1951, was marked off the active trial list. It is undisputed that under the New York practice a case in this status may be restored to the active list at any time within a year after its removal, but if it is not done the action is deemed abandoned and accordingly is dismissed without prejudice. No order is required; merely an appropriate entry by the clerk of the court.
On December 22, 1951, while the New York suit was still pending, respondent Dial Press, Inc. brought this action in New Jersey to recover on the $6,000 note as assignee thereof from Hoffman, the assignment having been made on April 30, 1950. Phillips answered admitting non-payment, alleging the continued existence of the New York action for rescission and asserting as a defense that since Hoffman had elected to seek rescission of the stock sale contract, he and his assignee, Dial Press, Inc., were bound by the election and could not seek payment of the note.
Respondent moved for summary judgment. The affidavits and exhibits established the facts recited and also that under the New York practice the rescission action was dismissed as abandoned on April 5, 1952. The motion was granted and judgment entered on June 25, 1952 for $6,000, without interest. The disallowance of interest was predicated upon the failure of Hoffman to take advantage of the opportunity to secure payment which was open to him at any time after January 2, 1948.
Obviously respondent, as assignee of the note, is entitled to recover thereon unless barred by Hoffman's rescission action. The general rule is that where a person has a choice between two inconsistent remedies, the deliberate election to pursue one of them with full knowledge of the facts is binding and irrevocable and bars a later prosecution of the other. Adams v. Camden Safe Deposit & Trust Company, *548 121 N.J.L. 389 (Sup. Ct. 1938). The essence of the doctrine is the existence of two inconsistent remedies. If there is, in fact, no inconsistency between the two actions, then the pursuit of the one does not prevent the resort to the other.
The doctrine of election of remedies is not a rule of substantive law, but rather of juducial administration. It has its foundation in the desire of the law to eliminate vexatious and multiple litigation of causes of action arising out of the same subject matter. Annotation, 35 A.L.R. 1153, Sec. I. Our Supreme Court has indicated that the rule is a harsh and largely obsolete one and one which should be "strictly confined within its reason and spirit." Adams v. Camden Safe Deposit & Trust Company, supra, at page 397.
In the present case, assuming fraud to have existed in the procurement of the contract for the sale of the stock, Hoffman could have sued at law for damages. In this event, if he established the fraud, his recovery would be the selling price of $6,000 plus the difference between that sum and the actual value of the securities. Or, he could have brought an action for rescission of the contract and return of the stock. A distinction is recognized in the application of the principle of election of remedies between an action to rescind and an action for damages for fraud.
"* * * Rescission is not accomplished as a fact until either acquiesced in by the other party or established by the judgment or decree of a court of competent jurisdiction. The right to waive fraud, however, rests entirely with the defrauded party. It does not require the consent of the wrongdoer, and it need not be established by the judgment or decree of any court." 35 A.L.R. 1154, sec. II.
This distinction has been recognized by many courts outside of New Jersey and the weight of authority appears to be that in fraud cases in the absence of estoppel a binding election is not accomplished until the right to rescind is established by a judgment or decree of the court. 35 A.L.R. 1155, sec. III; Restatement of the Law, Restitution, sec. *549 68(2) (b); sec. 144; 123 A.L.R. 380, sec. III; Schrage v. Liebstein, 16 N.J. Super. 384 (App. Div. 1951).
Williston has this to say on the subject:
"The modern tendency is not to regard the commencement of an action as a conclusive election in the absence of some element of estoppel. Moreover, the majority of jurisdictions, while perhaps continuing to consider the beginning of an action for deceit as a final election of substantive rights, that is, an election to stand on the contract, do not so regard the commencement of a suit for rescission. These courts generally treat the rescission action rather as an indication that the defrauded party has refrained from making a choice, preferring to submit to the court the determination of the right to disaffirm, and that there is, therefore, no conclusive election until judgment on the merits." 5 Williston on Contracts, sec. 1528, p. 4281, 2.
The reasoning of the majority view is appealing. When a rescission action grounded in fraud is instituted and trial results in an adverse determination on the issue of fraud, what is the effect of the judgment? It means that the parties entered into a binding and legal compact. In this event what notion of justice can twist the doctrine of election of remedies into a bar to recovery of the consideration stipulated in the contract? While the judgment ordinarily should bar any claim for damages beyond the agreed consideration, only a perversion of justice would permit one party to retain the benefits of the agreement and to refuse to pay the precise sum agreed for them. Such an unjust enrichment ought not to be sanctioned. Restatement of the Law, Restitution, sec. 1. The propriety of this conclusion is even more evident where a rescission action is brought and then before trial, the plaintiff abandons it, affirms the contract, and merely seeks the agreed consideration.
In Beers v. Atlas Assurance Co., 231 Wis. 361, 285 N.W. 794, 798, 123 A.L.R. 372 (Sup. Ct. 1939), the court said:
"That case [Bischoff v. Hustisford State Bank, 195 Wis. 312, 218 N.W. 353, Sup. Ct. 1928], however, seems to be authority for the rule that the bringing of an action for rescission of a contract in the first instance does not thereafter, in case the plaintiff is denied relief, *550 preclude him from bringing an action based on the contract. That is good law. Obviously when rescission of the contract is denied the contract still remains."
As already pointed out, if an estoppel arises, the action for rescission would constitute a bar. In the present case, while Hoffman's action may have been prompted by the discovery of the large profit realized by Phillips on the resale of the stock, the evidence does not disclose such a burden or disadvantage or change of position suffered by Phillips as would justify a finding of estoppel.
Appellant has referred us to the following New Jersey cases in support of his argument that Hoffman's rescission action bars recovery on the note: Lizak v. Rottenbucher, 140 N.J. Eq. 76 (Ch. 1947); Van Buren v. Fine, 101 N.J. Eq. 373 (Ch. 1927), affirmed 103 N.J. Eq. 327 (E. & A. 1928); Maturi v. Fay, 98 N.J. Eq. 377 (E. & A. 1925); Rose v. Buckley, 2 N.J. Misc. 1045 (Ch. 1924), affirmed 98 N.J. Eq. 685 (E. & A. 1925); Claron v. Thommessen, 96 N.J. Eq. 650 (E. & A. 1924); Heller v. Elliot, 44 N.J.L. 467 (Sup. Ct. 1882), affirmed 45 N.J.L. 564 (E. & A. 1883). While these cases employ general language which may seem to support the result sought to be achieved by appellant, no one of them presented for determination the precise facet of the doctrine of election of remedies which is raised by the record here. In our judgment the two remedies engaged in by Hoffman and respondent, his assignee, are not so inconsistent as to justify extension of the rule to include and thus bar this type action. One action was based on a claim of fraud; the other acknowledges the contract as valid and simply seeks the agreed consideration.
The case of McIntosh v. Lynch, 78 Okl. 85, 188 P. 1079, 1080 (Sup. Ct. 1920), is very much in point. There a vendor of real estate brought suit to cancel the deed on the ground of fraud. During the pendency thereof he died and his administrator, who was substituted as plaintiff, discontinued the action without prejudice and instituted another action to recover the agreed purchase price. The buyer answered that *551 the first action constituted an irrevocable election of remedies. However, the defense was rejected, the court saying:
"If the action brought by Nero (decedent) had been prosecuted to final determination, and the court had found that there was no fraud, and the deed executed by him to the defendants was in all respects valid, this would not have resulted in depriving the plaintiff of his claim for the balance of the purchase money. The only effect of a judgment in that action would have been to find that the contract was valid, and, in effect, advising plaintiff that his only remedy against the defendants was to enforce his contract for the balance of the purchase money; * * *
"The theory of defendants is that plaintiff was not entitled to recover in the former action, there being no fraud in the transaction, and, in effect, they say that the only remedy plaintiff could have had in that action would be one for the recovery of the balance of the purchase price of the land. It would not comport with justice to say that, because the original action was not prosecuted to a final determination, the defendants could thereby escape the payment of the amount they themselves acknowledge was due on their contract with Nero." (Insertion ours.)
The rule of election of remedies is technical; it should not be applied so as to sacrifice substantial rights to supposed legal consistency. U.S. v. Oregon Lumber Co., 260 U.S. 290, 43 S.Ct. 100, 67 L.Ed. 261 (1922), dissenting opinion Justice Brandeis.
For these reasons the opinion of the trial court on this phase of the case is unassailable.
The refusal to allow interest on the $6,000 requires consideration because of the cross-appeal.
"Interest when allowed is in contemplation of law damages for the illegal detention of a legitimate claim or indebtedness." Fidelity Mutual Life Insurance Co. v. Wilkes-Barre & H.R. Co., 98 N.J.L. 507 (E. & A. 1922). In dealing with the problem of its allowance Brown v. Home Development Co., 129 N.J. Eq. 172 (Ch. 1941), furnishes a reliable guide:
"`Unless a case be found which is a conclusive authority establishing a precedent, the safest way for a court of law or equity is to decide all questions pertaining to interest according to the plainest and simplest considerations of justice and fair dealing.'"
*552 The cross-appellant contends that it should have interest from October 8, 1948, the date of the $45,000 arbitration award in favor of Phillips. The contention overlooks the fact that Hoffman could have collected the note at any time after the due date from funds, indisputably in excess of the face of the note, in the hands of cross-appellant; he could have collected it out of the award, but instead, permitted the full sum to be paid to Phillips. The endorsement on the note was the clearest kind of authority to receive satisfaction therefrom. However, in spite of Phillips's willingness to make the payment, Hoffman decided to seek rescission of the contract and in that action he tendered back the note. In these circumstances, so long as the rescission action was pending Hoffman was pursuing a course which manifested an unwillingness to accept payment, and, of course, his assignee is bound by that course.
However, when this suit was brought, as soon as the rescission action was dismissed, plainly it was the duty of Phillips to discharge the note. Failure to do so must result in the imposition of interest. The New York action was dismissed as of April 5, 1952 and interest should have been granted from that date.
Accordingly the respondent's judgment is affirmed except as modified with respect to the allowance of interest.