Bischoff, Respondent, vs. Hustisford State Bank and
another, Appellants.

*February 8—March 6, 1928.*

*Fraud: Rescission of contract: Pleading: Joinder of inconsistent
causes of action: Rescission and breach of contract rescinded:
Trial: When issues will be separated: Election by plaintiff.*

1. Where the making of a contract for the sale of corporate stock
was induced by fraudulent representations, the buyer, having
rescinded the. contract and tendered back the stock, is entitled
to recover the amount paid.  p. 316.
2. A cause of action for the damages arising out of defendant's
alleged fraud in the sale of corporate stock and a cause of
action for defendant's breach of a collateral agreement on
the sale of the stock to repurchase it on notice, though incon-
sistent—since the first cause involved rescission and the latter
involved an action on contract,—are *held* not improperly
joined under sec. 263.04, Stats., which permits the joinder of
legal and equitable causes of action, as inconsistency of causes
of action does not of itself prevent joinder.  p. 318.
3. Under said sec. 263.04, Stats., litigants may state as many causes
of action in a pleading as they have, even though they are
inconsistent in the sense that a finding as to the existence of
one may exclude the existence of the other.  p. 318.
4. In case inconsistent causes of action are joined, the court may
submit all the issues to the jury in alternative form, where
the facts are practically identical, unless the trial of a ques-
tion in a second cause of action would involve large expense,
which could be avoided if plaintiff were to prevail as to the
first cause, the separation of issues being permissible under
such circumstances.  p. 319.
5. In this case, where practically the same facts were involved as
to the two issues, and it did not appear that the trial of the
second cause of action would involve additional expense, the
action of the court in separating the issues solely on the
ground that the first cause involved an equitable issue, and
requiring plaintiff to elect which he would first try, was
error, though the court might, on a further showing, be
justified in exercising his discretion to separate the causes.
p. 321.
6. The rule that inconsistent causes of action may be joined under
sec. 263.04, Stats., cannot operate so as to impair the rule
that a party cannot pursue inconsistent remedies; and if there
was fraud by defendant in inducing plaintiff to purchase the

stock, plaintiff had the right to elect whether he would dis-
affirm the contract and recover the consideration, or affirm the
contract and sue for damages on account of the fraud, but he
could not do both.   p. 320.

7. While a suit by the purchaser for damages for breach of the
contract would affirm the contract and preclude a subsequent
action for its rescission, the purchaser's action for rescission
and damages for the fraud, if unsuccessful, would not bar a
subsequent suit for the seller's breach of contract.   p. 320.

8. Where plaintiff elects to unite inconsistent causes of action
under sec. 263.04, Stats., the determination of how the issues
shall be disposed of is within the discretion of the trial court,
whose determination will not be interfered with except in a
clear case of abuse.   p. 321.

APPEALS from an order of the circuit court for Dodge
county: C. M. DAVISON, Circuit Judge.   *Reversed upon both
appeals, with directions.*

Action for damages, begun on the 30th day of December,
1925; order appealed from entered January 19, 1927.   This
action was begun to recover damages on account of fraudu-
lent representations alleged to have been made in the sale of
certain stock by the defendants to the plaintiff.   The de-
fendants demurred to the complaint on the ground that two
causes of action were improperly united.   Defendants' de-
murrer was sustained, and in the order sustaining the de-
murrer it was provided that the causes of action be separately
tried, the plaintiff to elect upon which cause of action he
would first proceed to trial.   The defendants appealed from
that part of the order directing a separation of the causes of
action and requiring the plaintiff to elect upon which he
would first proceed.   The plaintiff filed a statutory notice
for a review of that part of the order which sustained the
defendants' demurrer to the complaint.

The cause was submitted for the appellants on the brief
of *Skinner & Thauer* of Watertown, attorneys for the de-
fendant *Hustisford State Bank,* and *Clark & Lueck* of
Beaver Dam, attorneys for the defendant *Roll,* and for the
respondent on the brief of *Hoyt, Bender, McIntyre &*

*Hoyt,* attorneys, and *Werner J. Trimborn,* of counsel, all of Milwaukee.

Rosenberry, J. The complaint in this action is as follows:

"The above named plaintiff, by Hoyt, Bender, McIntyre & Hoyt, his attorneys, complains of the above named defendants and for his cause of action alleges:

"1. That at all of the times hereinafter mentioned the above named defendant *Hustisford State Bank* was and is a Wisconsin corporation, engaged in the general banking business in the village of Hustisford, Wisconsin, and as such had the transactions as hereinafter set forth.

"2. That, as plaintiff is informed and believes, the above named defendants, prior to the times hereinafter set forth, entered into a conspiracy to defraud this plaintiff and others through the sale of certain preferred stock of Wisconsin Land Holding Company, a corporation, owned by them.

"3. That acting pursuant to said conspiracy said defendant *Richard Roll,* upon his own behalf and as the agent of said *Hustisford State Bank,* on or about the 3d day of November, 1922, falsely and fraudulently represented to said plaintiff that the said preferred stock of said Wisconsin Land Holding Company was first class and a safe investment; that said Wisconsin Land Holding Company was in good financial condition and was doing a good and profitable business; that said Wisconsin Land Holding Company had in the past always paid dividends of at least seven per cent. (7 %) on said preferred stock, and that the financial condition of said Wisconsin Land Holding Company was such that said stock was absolutely a safe investment.

"4. That the said representations were false and were known to be false at said time by said defendants and were made by said defendant *Richard Roll* with intent to deceive and defraud said plaintiff, and, as plaintiff is informed and believes, with the knowledge and acquiescence of said defendant *Hustisford State Bank.*

"5. That said plaintiff believed said representations to be true and relied thereon, and in so relying thereon purchased three hundred (300) shares of said preferred stock of said company for the sum of three thousand dollars ($3,000).

"6. That after said plaintiff discovered the falsity of said representations he promptly tendered said stock to said defendants and demanded the return of the consideration paid therefor.

"7. That said stock was not a good investment, but is in fact worthless, and that said plaintiff has suffered damage in the sum of three thousand dollars ($3,000), with interest from the 3d day of November, 1922.

"And as a second and alternative cause of action against said defendants plaintiff alleges that at all of the times hereinafter mentioned, defendant *Hustisford State Bank* was and is a Wisconsin corporation, engaged in the general banking business in the village of Hustisford, Wisconsin, and as such had the transactions as hereinafter set forth.

"That on or about the 3d day of November, 1922, plaintiff purchased from the said defendants·three hundred (300) shares of preferred stock of the Wisconsin Land Holding Company, a Wisconsin corporation, for the sum of three thousand dollars ($3,000) ; that as a condition of such purchase and as a part of the agreement between the parties therefor said defendants promised and agreed that they would repurchase said stock from said plaintiff at any time upon the giving of thirty days' (30) notice; that pursuant to said agreement said plaintiff paid to said defendants the sum of three thousand dollars ($3,000) and received in exchange therefor two certificates for three hundred (300) shares of said preferred stock of said company.

"That subsequent thereto said plaintiff demanded of said defendants that they repurchase said stock from him in accordance with the terms of their agreement, but that defendants have refused and failed and neglected to comply with the terms of said contract, or to repay this plaintiff for the amount so paid for said stock.

"That defendants are thereby indebted to said plaintiff in the sum of three thousand dollars ($3,000), with interest from the 3d day of November, 1922.

"Wherefore plaintiff demands judgment against said defendants in the sum of three thousand dollars ($3,000), together with costs and disbursements of this action.

"HOYT, BENDER, McINTYRE & HOYT,
"Attorneys for Plaintiff."

It is apparent from the allegations of the complaint that the cause or causes of action, whatever they may be, arose out of a single transaction, to wit, the sale of certain stock by the defendants to the plaintiff. The plaintiff's right to relief depends upon a determination of the facts in controversy. If the making of the contract was induced by fraudulent representations, the plaintiff, having tendered back the stock, is entitled to recover the amount he paid therefor in an action for damages. This is sometimes spoken of as a rescission at law or informal rescission. 1 Page, Contracts, § 342 and cases cited. The plaintiff on that aspect of the case neither needs nor seeks the aid of a court of equity. If it be found that there was no fraud in the inducement as alleged in the first cause of action, then the plaintiff claims that he is entitled to recover under the terms of the contract the full amount of the purchase price under the agreement of the defendants to repurchase on thirty days' notice.

It is argued logically and forcefully that the causes of action, even though each of them is a cause of action at law, are inconsistent and mutually exclusive and therefore cannot be joined. In the first cause of action the plaintiff alleges that the contract is void for fraud and seeks to recover back the consideration with which he parted. In the second cause of action it is alleged that there is a valid contract; that by the terms of the contract the defendants agreed to repurchase the stock; that demand for the repurchase has been made, which demand has been refused, and that by reason of the refusal the defendants are liable to the plaintiff for the amount agreed to be paid by the defendants on repurchase. It is claimed by the plaintiff that both causes of action are for a rescission. We regard this ground as wholly untenable. By the allegations of the complaint constituting the second cause of action, it appears that collateral to the contract of sale the sellers agreed that they would, upon thirty days' notice, repurchase the stock. This is not a provision for rescission but an independent covenant, for breach of

which plaintiff seeks to maintain his action. It cannot be denied, therefore, that the causes of action are inconsistent.

The question is therefore: May inconsistent causes of action be united in a complaint? It was held that they could not be in *McLennan v. Prentice* (1893), 85 Wis. 427, 55 N. W. 764. See 14 Standard Proc. 684 and cases cited. *McLennan v. Prentice* was decided when sec. 2647, Stats., was in force. The provisions of that section were as follows:

"The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable, or both, where they arise out of:

"1. The same transaction or transactions connected with the same subject of action; or

"2. Contract, express or implied; or

"3. Injuries, with or without force, to person or property or either; or

"4. Injuries to character; or

"5. Claims to recover real property, with or without damages for the withholding thereof, and the rents and profits of the same; or

"6. Claims to recover personal property, with or without damages for the withholding thereof; or

"7. Claims against a trustee by virtue of a contract or by operation of law.

"But the causes of action so united must all belong to one of these classes and must affect all the parties to the action, and not require different places of trial, and must be stated separately."

The meaning of the words "transaction," "cause of action," and "subject of action" received exhaustive treatment in *McArthur v. Moffet* (1910), 143 Wis. 564, 128 N. W. 445.

In 1915 sec. 2647, now sec. 263.04, Stats., was amended to read as follows:

"The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. But the causes of

action so united must affect all the parties to the action and not require different places of trial, and must be stated separately."

The precise question raised here has not been considered since the amendment of the statute. The rule that a litigant may not blow hot and cold is often stated in different forms and applied to many different situations arising in the course of legal proceedings. Under the Code in New York state the statute required pleadings to be consistent, and under that provision it was held that causes of action could not be set out in the same complaint where one was exclusive of the other. No such provision is found in our statute. While sec. 263.04, although in language as broad as it is possible to use, might be construed as requiring a litigant to come into court with consistent causes of action and not allege in one part of a pleading that a certain state of facts exists and in the same pleading seek recovery on the theory that the facts first alleged do not exist, it is considered that it was the legislative intent and purpose that after the adoption of the amendment litigants might state as many causes of action in a pleading as they had, even though they were inconsistent in the sense that, if one was found to exist, the existence of the other was by that finding excluded. The case of *Astin v. C., M. & St. P. R. Co.* (1910) 143 Wis. 477, 128 N. W. 265, decided before the amendment, looks that way, although it is clearly distinguishable from the case at bar. There the pleader combined in a complaint a cause of action for ordinary negligence and one for gross negligence arising out of the same state of facts. While under our law a finding of gross negligence excludes the existence of ordinary negligence, nevertheless the pleader does not deny the existence of negligence in one cause of action and assert its existence in the other cause of action. In this case the pleader denies that there is a contract, and yet in the second cause of action seeks recovery upon it. In that respect the two cases are clearly distinguishable.

We are well aware that permitting a plaintiff to join inconsistent causes of action in a complaint throws upon trial courts a considerable responsibility and added burden. Where a cause of action in equity is joined with an action at law, as in *Cameron v. White,* 74 Wis. 425, 43 N. W. 155, it will usually be necessary to dispose of the equitable issue first, because in one case the parties are not entitled to a jury trial while they are in the other. Where only equitable issues are presented the court may proceed to a trial and disposition of the issues in such manner as in its discretion will seem most likely to promote speedy justice. Where two inconsistent actions at law are joined, the circumstances may be such that both issues may be presented to a jury in a single trial without detriment to the rights of either party. It may so happen that a question may be involved in the second cause of action, the trial of which would involve large expense, which would be excluded entirely if the plaintiff were to prevail as to the first cause of action. Under such circumstances the court may direct the first issue to be disposed of before entering upon the trial of the second. In other cases the facts may be identical except as to one or two dependent issues, as for instance the question of damages. In such case the court may determine that separate trials are not necessary and that all issues may be submitted to the jury in alternative form. We deem this case to be such a one. If the jury finds that the contract was induced by fraud, the rights of the parties are fixed. If the jury finds that there was no fraud and finds that there was an agreement to repurchase, that issue might be determined upon the trial without injustice to either party. So far as the record discloses, the question of damages in this case is very simple. It would be in the interest of both parties to have the matter disposed of in a single trial. If as a matter of fact a trial on the question of damages under the repurchase clause would require the expenditure of a large amount of time and money, the court may direct that

a trial be had as to the first cause of action, not requiring the parties to prepare for trial on the question of damages until the first cause of action is disposed of.  The court separated the issues in this case apparently for the reason that it was thought the first cause of action involved an equi- table issue.  If the court separated the issues in order to avoid the expense of preparation for trial on the question of damages, if the plaintiff prevailed as to the first cause of action, the order should stand.

The rule that under the statute inconsistent causes of action may be properly joined cannot operate so as to impair the rule that a party cannot pursue inconsistent remedies. In this case if there was fraud in the inducement the plaintiff had the right to elect whether he would disaffirm the contract and recover the consideration or affirm the contract and sue for damages on account of the fraud.  He could not do both.  *Smeesters v. Schroeder,* 123 Wis. 116, 101 N. W. 363.  If the plaintiff had set forth in his complaint the first cause of action and had gone to trial thereon and had been defeated, he would not thereby have been barred from suing on the contract for breach.  *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1.  The second action would not have been an attempt to relitigate the issues presented in the first cause of action.  He would have sought recovery in the second cause of action upon an entirely different ground than the recovery sought in the first cause of action.  It has been said that the doctrine of election of remedies is a harsh and now largely obsolete rule, the scope of which should not be extended.  *Friederichsen v. Renard,* 247 U. S. 207, 38 Sup. Ct. 450.  While the causes of action joined in this case would, as already pointed out, rest upon an inconsistent state of facts, the remedy sought in one is no substitute for the remedy sought in the other.  A suit in the first instance upon the contract for damages for breach would no doubt be an affirmance of it, which would preclude an action for rescission, but the reverse is not true.  The pleader seeks relief

in the alternative, that is, if rescission be denied in the first cause of action then that he have recovery under the contract thus established in the second cause of action.

In the first instance the whole matter is largely within the control of the pleader. He may unite inconsistent causes of action in a complaint but he is not required to do so. If he elects to unite causes of action which are inconsistent, some of which require jury trials and some of which do not, the whole matter of the manner in which the issue as presented shall be disposed of lies within the discretion of the trial court, and the trial court's determination with respect thereto will not be interfered with except in a clear case of abuse. Certain it is that parties ought not to be permitted to set traps for the court and found an allegation of error upon a record of their own making. See *Chandler v. Childs,* 42 Mich. 128, 3 N. W. 297. Regarding the whole matter as a question of policy, we are in doubt as to whether the rule will do more good than harm. Our doubts, however, ought not to deprive litigants of an opportunity to present an entire controversy to the court in order that a speedy and final determination may be reached, even though in some cases considerable difficulties may be presented.

By what we have said we have not intended to foreclose the trial court from exercising its discretion if a further showing shall be made as to whether or not the issues in this case should be tried together or separated. Upon the record as presented to us we see no reason for separating the issues in this case.

Upon the appeal of the defendants that part of the order appealed from is reversed. Upon plaintiff's appeal the order sustaining the demurrer to the complaint is reversed. The cause is remanded with directions to overrule the demurrer and for the disposition of the case by the trial court as indicated in this opinion; no costs to be taxed by either party, the appellants to pay the clerk's fees in this court.

*By the Court.*—It is so ordered.