BEERS, Respondent, vs. ATLAS ASSURANCE COMPANY, LTD., and others, Appellants.

*April 13—May 9, 1939.*

362

**364**

For the appellants there was a brief by *Wolfe & Hart* of Milwaukee and *Arnold, Caskey & Robson* of Beloit, and oral argument by *H. O. Wolfe.*

For the respondent there was a brief by *Bagley, Spohn, Ross & Stevens* of Madison, and oral argument by *Frank A. Ross.*

NELSON, J. The trial court, after due hearing had, held that the fourth amended complaint stated a cause of action in equity for rescission of the contract based on fraud and for an accounting if rescission be decreed. It seems clear that the plaintiff attempted either to state a cause of action grounded upon his having theretofore rescinded the contract because of the asserted fraud of the defendants or to state a cause of action for equitable rescission because of the asserted fraud of the defendants. That conclusion is amply fortified by statements repeatedly made by the plaintiff in his brief, such as: "The present action is one grounded upon a disaffirmance of the contract;" "disaffirmance of the contract is the gist of the plaintiff's complaint;" "the court is here

dealing with an entirely new complaint, proceeding upon an entirely different theory and that however the court may conclude with reference to the application of the parol-evidence rule to bar promissory misrepresentations in an action grounded upon the affirmance of the contract, the court will and ought to permit proof of such promissory misrepresentations in an action grounded upon the disaffirmance of the contract;" the reasons for permitting the parol-evidence rule to operate to bar proof of promises and representations contained in a contemporaneous and oral agreement "do not apply to an action in equity for rescission of the contract based upon its disaffirmance;" "where the relief prayed for by the plaintiff is the rescission of the contract where disaffirmance of the contract is asserted and the action is one in equity, fraud of the character here asserted may be shown." Other similar expressions may be found in the plaintiff's brief.

The plaintiff undoubtedly thought that the rules laid down by this court in its other opinions, which considered the first and second amended complaints, might be obviated or circumvented by amending his complaint and alleging that he had "at all times since the 12th day of October, A. D. 1932, disaffirmed the existence of the alleged contract between the parties and said trust agreement and has never at any time since said date, by word, act or deed affirmed the existence thereof. That the plaintiff herein and the said Cora G. Beers and the said Rock County Insurance Agency have at all times since the execution of said contract disavowed the same and asserted their right, title and claim in and to the properties and the business forming the subject matter of the said contract." There is language in the opinion of the court in *Beers v. Atlas Assurance Co.* 215 Wis. 165, 253 N. W. 584, which doubtless encouraged the plaintiff to hope, that if he amended his complaint so as to allege a disaffirmance of the contract,—a rescinding thereof,—or a cause of action for equitable rescission, he might surmount the barriers of the

parol-evidence rule. Mr. Chief Justice ROSENBERRY, speaking for the court, said (pp. 174–176) :

"An examination of the promises contained in the contract and the promissory misrepresentations alleged in the complaint clearly disclose that they cover the identical subject matter and are inconsistent; that is, the promissory misrepresentations promise a performance different from that contracted for. Therefore, in an action at law, they are not susceptible of proof and have no legal existence, being as a matter of law merged in the written contract. The harshness with which this rule may operate when applied in actions at law has led to the exercise of equity jurisdiction to relieve from such situations and so in actions to reform the contract, in order to express the true intention of the parties as well as in actions to rescind a contract either in law or in equity, such evidence within established limitations may be received. "The plaintiff here brings himself within none of these rules. He does not disaffirm the contract. This action being for fraud and deceit, affirms it. He neither seeks reformation nor rescission. This is not to indicate whether or not under the facts such a right existed, but merely to disclose the position which the plaintiff by his pleading has taken. . . .

"A party to a written contract, which he does not seek to avoid, may not show a contemporaneous parol promise relating to a matter covered by the contract, whether the promisor intended at the time to breach the contract or not. It would be a contradiction in terms to say that an oral promise made in the course of negotiations without intent to perform it, which promise is embodied in the contract, may be proven as a basis of fraud although there is no attempt to reform or rescind the contract. It may be true that where the making of the contract is part of a fraudulent scheme, the party charged having no intention to perform or be bound by the contract, the parol-evidence rule has no application. The facts alleged in this complaint do not bring this case within that doctrine. Here the plaintiff by the form of his action affirms the contract and seeks recovery on the ground that a contemporaneous oral promise relating to a matter covered by the contract was fraudulent because made without intent to perform."

Mr. Justice WICKHEM, in his concurring opinion, said (p. 195):

"It may also fairly be stated that no cause of action is alleged for rescission, not because this relief is not demanded in the prayer, but because there is no allegation of facts showing a disaffirmance. In so far as fraud is relied upon as a basis for relief, it must be considered that the complaint proceeds upon an affirmance of the contract, and that the action was intended to be one at law for deceit. . . .

"In so far as a plaintiff seeks to predicate fraud upon an intention never to keep a contemporaneous oral promise, which formed a part of the negotiations between the parties, and which is inconsistent with the stipulations of the writing as ultimately integrated, it may well be that the parol-evidence rule operates to eliminate proof of this fraud on the ground that the promisee ought not to be permitted to rely upon an oral promise inconsistent with the written agreement, and that, however valid the doctrine that fraud may always be shown consistently with the parol-evidence rule, permission in such a situation to prove this type of fraud opens the door to a destruction of the parol-evidence rule. See note 56 A. L. R. 46. Certainly this contention would seem to have much force where the action for fraud is based upon an affirmance of the contract. It is certainly more arguable, if the contract has been disaffirmed or if there is a defense based upon the assumed invalidity of the contract because of fraud, that the parol-evidence rule has no application, since the effect of the evidence is to destroy the contract from its beginning and not to contradict or modify any of its individual terms."

Since the first and second amended complaints (both of which were considered by this court), attempted to state causes of action for fraud and deceit, and since the present fourth complaint attempts to state a cause of action based on a disaffirmance of the contract and for a rescission thereof, we are confronted with a situation which we may not ignore and which compels us to say that the plaintiff, having elected in two of his complaints to affirm the contract and to sue for such damage as he had sustained as a result of the asserted

fraud and deceit, he may not now allege a cause of action based upon a disaffirmance of the contract and ask for rescission. Under the well-established law a party may not affirm a contract and later on disaffirm it and ask for rescission. An action for damages for fraud and deceit is universally held to involve an affirmance of the contract. In such an action the plaintiff affirms the contract and sues to recover the amount of damages he has sustained as a result of the fraud practiced upon him. In an action where the plaintiff has disaffirmed or rescinded a contract there is, of course, no affirmance of it. In the Restatement, Contracts, it is said:

"§ 484. *Loss of power of avoidance by affirming transaction.* The power of avoidance for fraud or misrepresentation is lost if the injured party after acquiring knowledge of the fraud or misrepresentation manifests to the other party to the transaction an intention to affirm it, or exercises dominion over things restoration of which is a condition of his power of avoidance, except as stated in § 482."

Note 6 to that section is as follows:

"6. A fraudulently induces B to enter into a contract. On discovery of the fraud B brings an action of tort for deceit against A. Subsequently B discontinues the action and informs A of an intent to avoid the transaction. Even if the notification would have been seasonable and effective had the action of deceit not been brought, the bringing of the action is a manifestation of intent to affirm the transaction and precludes avoidance thereafter. If B had brought an action on the contract, this also would preclude avoidance. B is here exercising an election between inconsistent substantive rights and not merely between inconsistent procedural remedies."

The rule stated in the Restatement is in accord with the law of this state. In *Smeesters v. Schroeder,* 123 Wis. 116, 101 N. W. 363, it was held that in fraud cases a person has a right to elect either to stand upon the contract which the defendant has induced and recover the damages resulting, or rescind the contract, and upon returning what he has received, recover back that with which he has parted; and that

such alternative remedies are wholly inconsistent. It was there said (pp. 118, 119) :

"Either there is a contract, for breach of which plaintiff is entitled to recover damages, or the contract is set aside and goes out of existence, whereby he becomes entitled to a return of that with which he parted on the faith of the contract. The existence of one situation negatives the other.

. . .

"It has often been held that, whatever other facts may be decisive, the actual commencement of a suit predicated on either theory is plenary and complete proof of the exercise of plaintiff's election."

In *Bischoff v. Hustisford State Bank,* 195 Wis. 312, 320, 218 N. W. 353, the court, approving of the rule in *Smeesters v. Schroeder, supra,* said :

"The rule that under the statute inconsistent causes of action may be properly joined cannot operate so as to impair the rule that a party cannot pursue inconsistent remedies. In this case if there was fraud in the inducement the plaintiff had the right to elect whether he would disaffirm the contract and recover the consideration or affirm the contract and sue for damages on account of the fraud. He could not do both. . . . A suit in the first instance upon the contract for damages for breach would no doubt be an affirmance of it, which would preclude an action for rescission, but the reverse is not true."

That case, however, seems to be authority for the rule that the bringing of an action for rescission of a contract in the first instance does not thereafter, in case the plaintiff is denied relief, preclude him from bringing an action based on the contract. That is good law. Obviously when rescission of the contract is denied the contract still remains. In the *Bischoff Case* this court was dealing with an asserted misjoinder of inconsistent causes of action. In 1 Page, Contracts, § 339, after reciting the remedies which are available to a defrauded party, it is said (p. 539) :

"The election of one of these remedies is a waiver of the others. Thus where the fraud is committed by the adversary

party to the contract, the injured party may elect between his right to avoid the contract, and his right to affirm it and to sue in tort in the action of deceit, and the election of either remedy, as suing for the purchase price after discovery, or suing on the contract after discovery of the fraud, or bringing an action to recover damages sustained by reason of such fraud, or encouraging the receiver of the fraudulent purchaser of the goods to sell them, or treating the contract as rescinded, bars the other."

See also 5 Williston, Contracts (Rev. ed.), § 1528, where it is said:

"The doctrine of election of remedies is not peculiar to actions based upon fraud, but it is, perhaps, most frequently applied or discussed in connection therewith. The defrauded party had the alternative but inconsistent rights and remedies of affirmance of the transaction and recovery of damages for the deceit, or of disaffirmance and restitution where restitution is available. As pointed out in the Restatement of Contracts, 'a choice between remedies for an injury must be distinguished from a choice between substantive rights and privileges.' However, the choice of substantive rights necessarily produces a corresponding limitation in the field of possible remedies. Cases of contracts voidable for fraud raise both the problems of election between substantive rights and between inconsistent remedies. The traditional view has been that the choice between substantive legal relations—between contract or no contract—is made by mere manifestation of election, whether that be simply by the injured party's conduct in other ways, or by his bringing suit for rescission or action for damages for deceit."

It appears from our prior decisions in this same action that in the first and second amended complaints the plaintiff unquestionably attempted to state a cause of action for fraud and deceit, thereby clearly affirming the contract. Now the plaintiff, after having failed to state a cause of action for fraud and deceit, has abandoned that kind of action and attempts to state a cause of action based on a contract asserted to be void for fraud which he has rescinded and which he asks the court to rescind in equity by finding that under all of the circumstances he is entitled to equitable rescission. Such

procedure not only involved an election of inconsistent remedies but also an election of substantive rights. Under the circumstances we think it clear that the plaintiff is precluded from bringing the present action which is either one based upon legal rescission or one in equity praying for rescission by the court. We therefore deem it unnecessary to decide whether the fourth amended complaint states a cause of action for either legal or equitable rescission.

Since, however, it appears that the same allegations which this court held in *Beers v. Atlas Assurance Co.* 215 Wis. 165, 253 N. W. 584, stated a cause of action for breach of contract, are contained in the present complaint, it must be held now as was held there, and for the same reasons, that the present complaint states a cause of action for breach of contract.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law. Costs in this court to be taxed against the plaintiff.