SCHLOTTHAUER and wife, Appellants, vs. KRENZELOK and wife, Respondents.

*October 10—November 7, 1956.*

2

For the appellants there was a brief by *Schloemer, Stoltz & Merriam* and *Marth & Marth,* all of West Bend, and oral argument by *C. J. Schloemer.*

For the respondents there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner.*

BROADFOOT, J.   In an annotation on the subject of Election of Remedies, appearing in 6 A. L. R. (2d) 15, it is stated:

"The authorities are in conflict as to whether, as a general proposition, a conclusive election of remedies is effected on the one hand by the mere commencement of a suit or on the other hand, only where the suit has been prosecuted to judgment or where elements of estoppel *in pais,* other than the mere commencement of the suit, are present."

Such annotation cites the cases of *Hildebrand v. Tarbell,* 97 Wis. 446, 73 N. W. 53, and *Carroll v. Fethers,* 102 Wis. 436, 78 N. W. 604, as holding that in Wisconsin a binding election is made at the time of commencement of suit. However, later decisions by this court would indicate that Wisconsin no longer adheres to such a harsh and arbitrary rule.

The cases of *Fuller-Warren Co. v. Harter,* 110 Wis. 80, 85 N. W. 698, and *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1, lay down the principle that if the plaintiff has mistaken his remedy then there has been no binding election by the commencement of suit that precludes him from thereafter pursuing the proper remedy to judgment. The more-recent cases of *Bischoff v. Hustisford State Bank,* 195 Wis. 312, 218 N. W. 353, and *Beers v. Atlas Assurance Co.* 231 Wis. 361, 285 N. W. 794, raise grave doubt as to whether Wisconsin has not completely abandoned the holding of the earlier cases that a conclusive election of remedies is made as of the time of the commencement of the action.

In *Bischoff v. Hustisford State Bank, supra,* plaintiff first stated a cause of action for rescission of contract because of fraud, and then pleaded in the alternative a second cause of action to recover damages for fraud. This court held that the doctrine of election of remedies did not apply and that the complaint was proper. In the opinion by Mr. Justice ROSENBERRY it was stated (p. 320):

"If the plaintiff had set forth in his complaint the first cause of action and had gone to trial thereon and had been defeated, he would not thereby have been barred from suing on the contract for breach. *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1. The second action would not have been an attempt to relitigate the issues presented in the first cause of action. He would have sought recovery in the second cause of action upon an entirely different ground than the recovery sought in the first cause of action. It has been said that the doctrine of election of remedies is a harsh and now largely obsolete rule, the scope of which should not be extended. *Friederichsen v. Renard,* 247 U. S. 207, 38 Sup. Ct. 450. While the causes of action joined in this case would, as already pointed out, rest upon an inconsistent state of facts, the remedy sought in one is no substitute for the remedy sought in the other. *A suit in the first instance upon the contract for damages for breach would no doubt be an affirmance of it, which would preclude an action for rescission, but the reverse is not true."* (Emphasis supplied.)

The concluding italicized sentence in the above quotation is quoted with approval by this court in its later decision of *Beers v. Atlas Assurance Co., supra.* We deem such italicized sentence is decisive of the issue before us on this appeal. The reason why a suit at law to recover damages for fraud bars a subsequent suit for rescission is not because there has been an election of inconsistent remedies, but rather that the act of instituting an action at law for damages recognizes the existence of the contract and affirms it. Once having been so affirmed, the right to rescind is forever lost. Such act is no different than any other act indicating an affirmance of the contract, such as proceeding with the performance of the contract after discovery of the fraud, or disposing of some of the property acquired under the contract, thus putting it beyond the power of the defrauded party to rescind and place the parties in *status quo.* As the author of the annotation in 6 A. L. R. (2d) 15, points out, one of the reasons for the conflict of the authorities on the subject of election of remedies "is the fact that the courts frequently fail to distinguish between a choice of inconsistent substantive rights afforded by law, with the result that the assertion of one, by suit or otherwise, results in the loss of the other, and a choice of inconsistent 'remedies' in the narrower sense, as to which the mere commencement of a suit pursuing one remedy should not, of itself, result in the loss of the other." The commencement of a suit for rescission for fraud involves merely a choice of procedural remedy and effects no change of substantive rights which should preclude the injured party from thereafter abandoning such remedy and affirming the contract by seeking damages for the fraud, unless something has occurred in the nature of an estoppel *in pais* which would make it inequitable from the standpoint of the defendant for the plaintiff to do so. There is no such element of estoppel present in the instant case.

The New Hampshire supreme court in *Ricker v. Mathews,* 94 N. H. 313, 317, 53 Atl. (2d) 196, 171 A. L. R. 296, re-

cently had occasion to review the subject of election of remedies and we quote with approval from the opinion in that case as follows:

"The doctrine of election of remedies has been the subject of much adverse criticism by courts and commentators because of the substantial injustice which frequently results from its application. 'At best this doctrine of election of remedies is a harsh, and now largely obsolete rule, the scope of which should not be extended.' *Friederichsen v. Renard,* 247 U. S. 207, 213, [38 S. Ct. 450, 452, 62 L. Ed. 1075]; *National Trans. Co. v. Toquet,* 123 Conn. 468 [196 A. 344]. Although it is doubtful if the doctrine is obsolete (*First Nat. Bank v. Flynn,* 190 Minn. 102) [250 N. W. 806, 92 A. L. R. 1272], the trend of the decisions has been to limit it to avoid injustice. Cf. 3 Williston, Contracts (1920), s. 1528 with 5 Williston & Thompson, Contracts (rev. ed. 1938) s. 1528 and Supp. (1946). *To accomplish this purpose the formal doctrine of election of remedies should be confined to cases where the plaintiff may be unjustly enriched or the defendant has actually been misled by the plaintiff's conduct or the result is otherwise inequitable or res judicata can be applied. National Lock Co. v. Hogland,* [7 Cir.] 101 Fed. (2d) 576, 587. See 4 Bogert, Trusts and Trustees, s. 946, p. 2738." (Emphasis supplied.)

The Ohio supreme court in *Frederickson v. Nye,* 110 Ohio St. 459, 474, 144 N. E. 299, 35 A. L. R. 1163, 1170, reached a similar conclusion, and we quote from the opinion in that case as follows:

". . . in order that an election of one remedial right shall be a bar to the pursuit of another, or other remedial rights, the same must be inconsistent and the election made with knowledge and intention and purpose to elect, and that there must be an actual election in fact made; that the mere bringing of a suit is not determinative of that right, but the party against making the election must have received some benefit under his election, or have caused detriment or loss to the other party, or pursued his remedy to final judgment."

A more-recent Ohio case adhering to the same rule and quoting the above extract from the opinion in *Frederickson v. Nye, supra,* is *State ex rel. Everson v. Municipal Court of Barberton,* 98 Ohio App. 177, 128 N. E. (2d) 467. Three recent federal decisions in which the same principle was applied are: *Rademacher v. Russ* (D. C. Minn.), 131 Fed. Supp. 50; *Wilkin v. Shell Oil Co.* (C.C.A. 10th Cir.), 197 Fed. (2d) 42; and *North American Graphite Corp. v. Allan* (C.C.A., D. C.), 184 Fed. (2d) 387.

In view of our conclusion that plaintiffs' cause of action for fraud and deceit is not barred by the prior action in equity for rescission the order and judgment appealed from must be reversed, and the cause remanded for further proceedings.

*By the Court.*—Order and judgment reversed. Cause remanded for further proceedings according to law.