SCHWABE and wife, Appellants, v. CHANTILLY, INC., and another, Respondents.

*No. 371. Submitted under sec. (Rule) 251.54 February 5, 1975.— Decided March 6, 1975.*
(Also reported in 226 N. W. 2d 452.)

For the appellants the cause was submitted on the brief of *Frisch, Dudek, Slattery & Denny,* with a reply brief by *Frisch, Dudek & Slattery,* attorneys, and *Robert A. Slattery* and *Jeffrey P. Aiken,* of counsel, all of Milwaukee; and for the respondents the cause was submitted on the brief of *Bernstein, Wessel & Lewis* of Milwaukee.

WILKIE, C. J. This is a landlord-tenant case presenting a question of civil procedure. In a prior action, the land-

lord, Chantilly, Inc., sued the tenants, James and Mary Schwabe, for nonpayment of rent. The Schwabes set up the affirmative defense that they were fraudulently induced to sign the lease, but they did not counterclaim. Judgment was awarded to the Schwabes based upon this defense. Now in the present action they seek compensatory and punitive damages against Chantilly and Chantilly's managing officer, Abraham Wolinsky, based upon the fraud and upon malicious prosecution. Chantilly and Wolinsky moved to strike the causes of action based on fraud, arguing that by setting up the affirmative defense in the first action the Schwabes obliged themselves to also counterclaim in that action or else lose the claim completely. The trial court agreed and ordered the fraud causes of action struck from the complaint. The Schwabes appeal. We reverse.

A single issue is presented by this appeal: Where in a prior action by the landlord for nonpayment of rent by the tenants, and where the tenants had set up an affirmative defense, but not a counterclaim, based on fraud in the inducement, and where the tenants were successful in that defense in that action, may a subsequent action be maintained by the tenants seeking affirmative relief based on the fraud? Yes.

Plaintiffs' amended complaint alleges the following facts. Defendant, Chantilly, Inc., is a corporation owning, operating and renting apartments in Milwaukee. Defendant Wolinsky is an apartment manager, and officer and managing agent of Chantilly. Plaintiffs alleged they signed a two-year apartment lease which Wolinsky fraudulently represented included a provision for termination at any time following sixty days' written notice. The lease contained no such provision. During the lease term plaintiffs vacated after giving the sixty days notice. Chantilly then sued the Schwabes in Milwaukee county

court for nonpayment of rent. The Schwabes set up the affirmative defense of fraud and following a jury trial, judgment was rendered in their favor. The court's written judgment provides, in part, as follows:

"The above-entitled action having come on for trial on the 9th day of November, 1971, the Honorable ELLIOT N. WALSTEAD presiding; and

"The same having been tried before a jury and a verdict returned on the 10th day of November, 1971; and

"The jury having found that Mr. Wolinsky, an officer and agent of the plaintiff, did represent to Mr. and Mrs. Schwabe, the defendants, that they could terminate the lease which is the subject of this lawsuit, at any time by giving sixty (60) days notice in writing, and that the said Mr. and Mrs. Schwabe did believe said representation and did sign the said lease in reliance thereon; and

"It having been admitted that said lease does not in fact contain such provision for termination; and

"The Court having found that the defendants have proven their affirmative defense based on fraud, and

"The time for motions after verdict having expired and the plaintiff having filed and submitted none;

"Now, Therefore, on Motion of Frisch, Dudek, Slattery and Denny, attorneys for the defendants,

"It Is Ordered, Adjudged and Decreed that the Complaint of the plaintiff against the defendants be and the same is hereby dismissed upon its merits and that the defendants have and recover of the plaintiff their costs in the sum of $360.23 to be taxed and entered herein by the Clerk."

The tenants' present action was commenced approximately four months later. Their amended complaint contains causes of action for fraud against each defendant (as well as causes of action for malicious prosecution) seeking compensatory damages of $18,566.90 and punitive damages of $50,000.[1] Defendants then filed a

[1] The compensatory damages are based upon the following losses: unreturned security deposit, advertising expenses in connection with attempt to rerent apartment, attorney's fees, and emotional distress.

joint motion asking the court to strike certain portions of the amended complaint for irrelevancy and redundancy. In addition, however, in their trial court brief, defendants argued that plaintiffs were barred from pleading causes of action based on fraud because of the prior litigation between the parties. The trial court relied on this latter ground in striking the causes of action for fraud from the complaint.

It is clear that the trial court treated the motion to strike as equivalent to a demurrer and therefore the standard of review on appeal is the same as that applied to evaluate an order sustaining a demurrer.[2]

The sole question presented here is whether plaintiffs are barred from maintaining these causes of action for fraud because they raised fraud as an affirmative defense to the prior rent-collection action brought by Chantilly, one of the defendants here. This court considered a related problem in *Wm. H. Heinemann Creameries v. Milwaukee Automobile Ins. Co.*[3] arising from personal injury litigation following an auto collision between A and B. In the first action where A sued B, the suit was dismissed by court order upon stipulation of the parties. Then in a subsequent action, B sued A and one question raised on appeal was whether B's action was barred on principles of res judicata because B had not counterclaimed in the first suit. Relying on sec. 263.14 (1), Stats., making all counterclaims permissive, and sec. 58 of the Restatement of Judgments, the court held B's action not barred on this ground.[4] Sec. 263.14 (1), Stats., provides:

---

[2] *Gauger v. Ludwig* (1972), 56 Wis. 2d 492, 202 N. W. 2d 233; *State v. Chippewa Cable Co.* (1963), 21 Wis. 2d 598, 610–612, 124 N. W. 2d 616; *Wesolowski v. Erickson* (1958), 5 Wis. 2d 335, 92 N. W. 2d 898.

[3] (1955), 270 Wis. 443, 71 N. W. 2d 395, 72 N. W. 2d 102.

[4] It must be noted however that the court did hold B's action barred on another, unrelated ground. The court said that in cases where the first action terminates in a voluntary settlement,

"A defendant *may* counterclaim any claim which he has against a plaintiff, upon which a judgment may be had in the action." (Emphasis supplied.) [5]

Sec. 58 of the Restatement of Judgments provides, at page 230:

"Where the defendant does not interpose a counterclaim although he is entitled to do so, he is not precluded thereby from subsequently maintaining an action against the plaintiff on the cause of action which could have been set up as a counterclaim."

In discussing this section, the court in *Heinemann* particularly relied on comments *b* and *f*. However, comments *c* and *d* following this section apply to the facts in the instant case where plaintiffs set up an affirmative defense but not a counterclaim in the first action.

The comments distinguish between situations where the plaintiff in the second action lost in the first case and where he won. Where he loses in the first case, he is barred from commencing a new action. As comment *c* to sec. 58 provides:

"*Defense and counterclaim—Judgment for plaintiff—Collateral estoppel.* Where the same facts constitute a ground of defense to the plaintiff's claim and also a ground for a counterclaim, and the defendant alleges these facts as a defense but not as a counterclaim, and after litigation of the defense judgment is given for the plaintiff, the defendant is precluded from maintain-

---

no subsequent actions may be brought unless the right to assert a later claim was expressly reserved at the time of settlement. This ruling was justified on considerations of public policy favoring voluntary settlement of litigation, and does not impinge upon the court's earlier discussion of the law of res judicata.

*See: Employers Ins. of Wausau v. Sheedy* (1969), 42 Wis. 2d 161, 167, 166 N. W. 2d 220, recognizing rule of *Heinemann* that unused counterclaims are not lost.

[5] This language is retained in sec. 802.07 of the recently approved revised Code of Civil Procedure for Wisconsin, *see* 1973 Wis. L. Rev., Special Issue, p. 31.

ing an action against the plaintiff based on these facts. This is in accordance with the rule as to collateral estoppel stated in sec. 68, that where a question of fact essential to a judgment is actually litigated and determined by the judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action."

However, where the party wins in the first action, based on the affirmative defense, it is permissible then to start a new action. He is then not in the position of attacking facts previously established. As comment *d* indicates:

"*Defense and counterclaim—Judgment for defendant—Splitting Claims.* Where the same facts constitute a defense to the plaintiff's claim and also a ground for counterclaim, and the defendant sets up these facts as a defense but not as a counterclaim, and after litigation of the defense judgment is given for the defendant, the defendant is not precluded from maintaining a subsequent action against the plaintiff based upon these facts. In such a case he is not improperly splitting his cause of action (compare sec. 62), although he uses the same facts first as a defense to the plaintiff's claim and later as the basis of an action against the plaintiff. In the subsequent action, the judgment in the prior action is conclusive as to the facts actually litigated and determined in the first action (see sec. 68)."

The examples following this comment illustrate the principle:

"9. A brings an action against B for the negligent driving of an automobile by B resulting in a collision with an automobile driven by A. B in his answer denies that he was negligent and alleges that the collision was due to A's negligence. After a trial of these issues judgment is given for B. B is not precluded from thereafter maintaining an action against A for the damage done to him by the collision.

"10. A brings an action against B, his employer, alleging that B wrongfully discharged him. B in his answer justifies the discharge on the ground that A embezzled

B's money. After trial of this issue judgment is given for B. B is not precluded from thereafter maintaining an action against A for the embezzlement.

"11. A, a physician, brings an action against B for medical services rendered to B. B in his answer alleges that A was negligent and that the services were of no value. After trial of this issue judgment is given for B. B is not precluded from thereafter maintaining an action against A for damages caused to him by A's malpractice.

"12. A brings an action against B for the purchase price of a boiler sold by A to B. B in his answer alleges that A was guilty of breach of warranty and that the boiler was defective and exploded and was of no value. After a trial of this issue judgment is given for B. B is not precluded from thereafter maintaining an action against A for the damage done by the explosion."

The instant case is similar. Because judgment was rendered for the Schwabes in the first case they may now sue for damages caused by the fraud. Their present action does not seek to upset the determination reached in the first case and, in fact, affirms it. If they had lost, however, in the first action, under comment *c* a different result would be reached.

Defendants argue that plaintiffs' action is barred based primarily upon two older Wisconsin cases, *Vukelic v. Upper Third Street Savings & Loan Asso.*[6] and *Ressequie v. Byers.*[7]

---

[6] (1936), 222 Wis. 568, 269 N. W. 273.

[7] (1881), 52 Wis. 650, 9 N. W. 779. In addition to *Vukelic* and *Ressequie*, defendants rely upon two decisions of the United States Court of Appeals for the Seventh Circuit applying Wisconsin law: *Young v. Baker, Fentress & Co.* (7th Cir. 1934), 74 Fed. 2d 422, and *Prochot v. Drew* (7th Cir. 1960), 283 Fed. 2d 904. Both held that an unused counterclaim was lost where the issue giving rise to the counterclaim had been litigated in the first action as an affirmative defense. However, neither case is persuasive. *Young*, which failed to cite a single Wisconsin case, was decided before this court's 1943 adoption of the permissive counterclaim statute. *Prochot* is not inconsistent with sec. 58 of the Restatement of Judgments because in the first action the party asserting

In *Vukelic*, A sued B in a mortgage foreclosure action, and the court determined that approximately $15,000 was due under the mortgage. Then in a second action B sued A alleging as a "cause of action" that B had never received approximately $11,000 under the mortgage and that the amount due should be reduced accordingly. The court held B's action barred on the grounds that the first judgment was res judicata as to the amount due. For two reasons, however, *Vukelic* is not persuasive in the case at bar. First, the second action commenced by B really amounted to an attack on the first judgment. In the instant case the two actions involved are completely consistent. Second, although *Vukelic* contains language indicating that an unused counterclaim is lost unless it is a " 'distinct cause of action,' " "one having no connection with the matters involved in the former cause of action; one not involving the same subject matter," [8] such is no longer the law. *Vukelic* was decided in 1936, and in 1943 this court adopted the present version of sec. 263.14 (1), Stats., making all counterclaims optional.[9] The advisory committee's comment contrasted the new Wisconsin rule with the federal rule under which some counterclaims are permissive and some mandatory:

"The new rule 263.14, governing counterclaims, is much like federal rule 13. There is some difference between these two rules: Under 263.14 counterclaims are purely permissive. The defendant has the choice of counterclaiming or not, as to him seems best. Under the federal rule counterclaims are divided into two classes, viz. compulsory and permissive. Where the counterclaim arises out of 'the transaction or occurrence that is the subject matter' of the complaint, the claim is barred un-

---

the affirmative defense was unsuccessful. If he had prevailed, as in our case, a different result would have been reached.

[8] 222 Wis. at 574.

[9] *See:* 242 Wis. *v.* The prior version of sec. 263.14 (1), Stats., specified what matters could properly be the subject of a counterclaim, but did not expressly make counterclaiming optional.

less it is pleaded. All other counterclaims are permissive. New 263.14 is a generalization of what was 263.14 (1) (c). That applied only in actions in which the plaintiff was a nonresident. The new rule extends to all actions. If the defendant has a claim upon which he can presently commence a separate action against the plaintiff in the same court, he may counterclaim. [Re Order effective Oct. 1, 1943]" [10]

The statement in *Vukelic* that the only unused counterclaims that survive are those with no connection to the subject matter of the first action is thus consistent with the federal rule, but not the present rule in Wisconsin.

In the 1881 *Ressequie Case* a surgeon successfully sued his patient for fees for services rendered. In a subsequent suit the patient sued the doctor for malpractice. This court held the second suit was not barred because the malpractice issue had not been litigated in the first case. However, the court said in dicta:

"It is needless to remark that if the plaintiff in this suit had set up the defense of malpractice in the action before the justice, an adjudication upon that issue would then have been a bar." [11]

In making this statement, however, the court failed to distinguish between a case where the patient wins in the first action and a case where he loses. If the malpractice defense were raised, and decided adversely to the patient, collateral estoppel would prohibit a subsequent suit based upon the same malpractice claim. If the patient's defense prevailed in the first action, however, under sec. 58 of the Restatement of Judgments, he could permissibly commence a subsequent action for damages.

We conclude that the instant case seeking damages based on fraud is not barred under principles of res judicata or collateral estoppel.

Defendants contend that plaintiffs' action is barred under the election-of-remedies doctrine. They rely on

[10] 30 W. S. A., p. 547.
[11] 52 Wis. at 656, 657.

*Beers v. Atlas Assurance Co.*[12] where the plaintiff first sued for breach of contract based upon fraud and then following a sustained demurrer, filed an amended complaint asking for rescission of the contract. This court held that plaintiff could not sue for rescission because in initially suing for breach he had made an irrevocable election of remedies. The court reasoned that one could not equitably first elect to reap the benefits of a contract and if unsuccessful, then try to disaffirm it. The court said:

". . . Under the well-established law a party may not affirm a contract and later on disaffirm it and ask for rescission. An action for damages for fraud and deceit is universally held to involve an affirmance of the contract. In such an action the plaintiff affirms the contract and sues to recover the amount of damages he has sustained as a result of the fraud practiced upon him." [13]

However, as the court said in *Schlotthauer v. Krenzelok* [14] a decision to rescind is barred following a decision to affirm not because the decisions are inconsistent but rather due to supposed equitable considerations. The court limited the doctrine to cases where the equitable action precedes the action seeking damages. Moreover the court said:

"The New Hampshire supreme court in *Ricker v. Mathews*, 94 N. H. 313, 317, 53 Atl. (2d) 196, 171 A. L. R. 296, recently had occasion to review the subject of election of remedies and we quote with approval from the opinion in that case as follows:
" 'The doctrine of election of remedies has been the subject of much adverse criticism by courts and commentators because of the substantial injustice which frequently results from its application. "At best this doctrine of election of remedies is a harsh, and now

[12] (1939), 231 Wis. 361, 285 N. W. 794.
[13] *Id.* at page 368.
[14] (1956), 274 Wis. 1, 79 N. W. 2d 76. *Accord: Stadler v. Rohm* (1968), 40 Wis. 2d 328, 334–336, 161 N. W. 2d 906.

largely obsolete rule, the scope of which should not be extended." . . . Although it is doubtful if the doctrine is obsolete . . . the trend of the decisions has been to limit it to avoid injustice. . . . *To accomplish this purpose the formal doctrine of election of remedies should be confined to cases where the plaintiff may be unjustly enriched or the defendant has actually been misled by the plaintiff's conduct or the result is otherwise inequitable or res judicata can be applied. . . .'* (Emphasis supplied.)" [15]

In the case at bar plaintiffs' assertion of the affirmative defense in the first action was not an election in the sense of commencing an action affirmatively seeking rescission of the lease. In any event, however, plaintiffs' actions amounted to no more than first disaffirming, then affirming the lease, and do not run afoul of the election-of-remedies doctrine. Moreover, defendants have not suggested how allowing plaintiffs to proceed in this fashion would work an injustice.

Because plaintiffs' causes of action based on fraud are not barred by the doctrines of res judicata, collateral estoppel, or election of remedies, the trial court erred in striking them from the complaint. We therefore reverse the trial court order and remand the proceedings for trial upon the contested issues. Because the order in this case is equivalent to an order sustaining a demurrer, we do not reach the damages questions raised by the parties. [16]

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.

---

[15] 274 Wis. at 5, 6.

[16] *Theune v. Sheboygan* (1973), 57 Wis. 2d 417, 424, 204 N. W. 2d 470. *See: D. R. W. Corporation v. Cordes* (1974), 65 Wis. 2d 303, 222 N. W. 2d 671; *Baker v. Northwestern National Casualty Co.* (1965), 26 Wis. 2d 306, 132 N. W. 2d 493.