CHRYSLER CORPORATION, a Dela-
ware Corporation, Plaintiff,

v.

LAKESHORE COMMERCIAL FINANCE
CORPORATION, a Wisconsin Cor-
poration, Defendant.

No. 73–C–488.

United States District Court,
E. D. Wisconsin,
Milwaukee Division.

April 16, 1975.

———◆———

Victor M. Harding, Whyte, Hirsch-
boeck, Minahan, Harding & Harland,
Milwaukee, Wis., for plaintiff.

Robert K. Steuer, Lorinczi & Weiss,
Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

After a thorough analysis of defend-
ant's motion as recounted in the memo-
randum decision filed herein on March
6, 1975, this Court entered an order of
the same date granting summary judg-
ment to the defendant Lakeshore Com-
mercial Finance Corporation (herein-
after "Lakeshore") and dismissing the
above-entitled action on its merits.[1]

---

1. The Court notes that on the date of its de-
cision herein, the Wisconsin Supreme Court
decided the case of Schwabe v. Chantilly,
Inc., Wis., 226 N.W.2d 452, wherein it
adopted the position propounded by comment
c to sec. 58 of the Restatement of Judg-
ments. Under Wisconsin law, when the
same facts constitute a ground for defense
and also a ground for counterclaim and the
defendant fails to allege those facts either
as a defense or a counterclaim, he is not
precluded from relying upon such facts in an

Thereafter, on March 14, 1975, plaintiff filed a motion for leave to amend its complaint to allege a cause of action against Lakeshore for unjust enrichment. In accord with the local rules of procedure established by the United States District Court for the Eastern District of Wisconsin, plaintiff's motion was accompanied by a supporting brief. Pursuant to plaintiff's request, an expedited briefing schedule was then established with regard to such motion. In accord therewith, defendant filed a responsive brief and accompanying affidavit on March 20, 1975, and plaintiff submitted its reply brief on March 31, 1975. Additional correspondence relative to plaintiff's motion for leave to amend was thereafter received by this Court from the defendant and the plaintiff on April 1 and April 2, 1975 respectively. On April 4, 1975, however, before this Court had the opportunity to rule on its motion, plaintiff filed a notice of appeal of the order of this Court entered on March 6, 1975, to the United States Court of Appeals for the Seventh Circuit. By virtue of that latter action, this Court is without jurisdiction to decide plaintiff's motion for leave to amend its complaint, which lack of jurisdiction admits of no action by this Court other than dismissal of plaintiff's motion.

Although not denominated as such, plaintiff urges that its motion for leave to amend the complaint, filed within ten days of the entry of judgment, consists essentially of a motion to vacate judgment, which properly obtains under Rule 59(e), Fed.R.Civ.P.,[2] and a motion for leave to file an amended complaint in the interest of justice under Rule 15(a), Fed.R.Civ.P.[3] Since a motion which otherwise conforms to the requirements is not defeated by the failure of proper denomination,[4] the Court will construe plaintiff's motion as indicated so as to do substantial justice.

■■■■ Once judgment of dismissal or summary judgment has been entered, the judgment should be reopened or vacated before an amendment to the complaint is permitted. Markert v. Swift & Co., 173 F.2d 517, 519 (2nd Cir., 1949); Republic of China v. National City Bank of New York, 14 F.R.D. 186 (S.D.N.Y.,

action thereafter brought by him against the plaintiff. However, when the defendant alleges such facts as an affirmative defense and loses on the affirmative defense, collateral estoppel precludes the defendant from relying upon those same facts in an independent cause of action against the plaintiff:

"'. . . Where the same facts constitute a ground of defense to the plaintiff's claim and also a ground for a counterclaim, and the defendant alleges those facts as a defense but not as a counterclaim, and after litigation of the defense judgment is given for the plaintiff, the defendant is precluded from maintaining an action against the plaintiff based on these facts. *This is in accordance with the rule as to collateral estoppel stated in sec. 68, that where a question of fact essential to a judgment is actually litigated and determined by the judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action.*'" (Emphasis added). *Id.*, 226 N.W.2d at 455, quoting Restatement of Judgments, § 58, comment *c* at 232–233 (1942).

2. "(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

3. "(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

4. See, e. g., Maryland Tuna Corporation v. Ms Benares, 429 F.2d 307, 317 (2d Cir., 1970).

1953). *See also,* Butterman v. Walston & Co., 50 F.R.D. 189 (E.D.Wis., 1970). Such relief may be properly sought within ten days under rule 59(e). Markert v. Swift & Co., *supra*; *Republic of China, supra*. The filing of a timely motion under rule 59(e), however, suspends the time for an appeal from the judgment or final order to which the motion is directed:

"The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the district court by any party pursuant to the Federal Rules of Civil Procedure hereafter enumerated in this sentence, *and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules*: (1) granting or denying a motion for judgment under Rule 50(b); (2) granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) *granting or denying a motion under Rule 59 to alter or amend the judgment*; (4) denying a motion for a new trial under Rule 59. A judgment or order is entered within the meaning of this subdivision when it is entered in the civil docket." Fed.R.App.P. 4(a).

*See also, Maryland Tuna Corp., fn 4, supra*; Farmington Dowel Products Co. v. Forster Mfg. Co., 421 F.2d 61, 76–77, fn. 39 (1st Cir., 1969); Theodoropoulos v. Thompson-Starrett Co., 418 F.2d 350, 353 (2d Cir., 1969), cert. denied, 398 U. S. 905, 90 S.Ct. 1697, 26 L.Ed.2d 65; and Woodham v. American Cystoscope Co. of Pelham, N. Y., 335 F.2d 551, 555 (5th Cir., 1964). Thus, it was wholly unnecessary for plaintiff to have filed a notice of appeal prior to the decision on its motion under rule 59(e) in order to preserve its appeal from the judgment

and order entered by this Court on March 6, 1975.

Having filed such notice of appeal, however, plaintiff has placed this Court in the same "awkward position" as that noted by the First Circuit Court of Appeals in *Farmington Dowel Products:*

"Rule 4(a), Fed.R.App.P., expressly provides that the 30-day time for appeal shall commence anew following the entry of an order concerning any timely motion under, *inter alia*, Rule 59(e). Indeed, there was no artful way for Farmington to file a general appeal before March 26, for any such general appeal might have placed the district court in the awkward position of having lost jurisdiction while still being asked by the same party to make a specific alteration of the judgment. . . ." *Farmington Dowel Products Co., supra* at 76–77, fn. 39.

The law is clear that the filing of a notice of appeal divests the district court of jurisdiction to modify its judgment or undertake any other action affecting the cause, which action is not specifically reserved to it, without a mandate from the appellate court:

". . . It is well settled that filing a notice of appeal from a district court's judgment vests jurisdiction over the cause appealed in the court of appeals. Thereafter, the trial court has no power to modify its judgment or take other action affecting the cause without permission of the appellate tribunal, except insofar as jurisdiction is expressly reserved in the district court by statute or the Federal Rules of Civil Procedure . . ." In Re Federal Facilities Realty Trust, 227 F.2d 651, 653–654 (7th Cir., 1955).

In accord, *see* Sumida v. Yumen, 409 F. 2d 654, 656–657 (9th Cir., 1969); McCann v. Kerner, 436 F.2d 1342, 1343

(7th Cir., 1971). There being no express reservation of jurisdiction in the district court for the purpose of deciding a motion under rule 59(e) in either the Federal Rules of Civil Procedure or the United States Code of Laws, the principle of law recited above specifically extends to the district court's ability to decide, subsequent to the filing of a notice of appeal, a motion to vacate an order of dismissal and permit amendment of the complaint. Relying upon its decision in *Federal Facilities Realty Trust,* the Seventh Circuit Court of Appeals in Grand Opera Co. v. Twentieth Century-Fox Film Corp., 235 F.2d 303 (7th Cir., 1956), declared void and reversed an order entered by an Illinois district court denying a motion for leave to amend a complaint, although the motion had been filed prior to the filing of a notice of appeal, because such order was entered after a notice of appeal from the order of dismissal had been filed. *See also,* Segal v. Gordon, 467 F. 2d 602, 608, fn. 12 (2d Cir., 1972). Similar rulings have obtained in United States v. Frank B. Killian Co., 269 F.2d 491, 494 (6th Cir., 1959), wherein the Sixth Circuit Court of Appeals decided that, having no jurisdiction to entertain the Government's motions for reconsideration and for leave to amend while an appeal was pending, the district court's order overruling those motions was a nullity, and DeLee v. School District No. 3, Dorchester Co., S. C., 306 F.Supp. 905, 908 (D.S.C., 1969), wherein the district court ruled that it was precluded by lack of jurisdiction from vacating its judgment once a notice of appeal had been filed.

This Court being without jurisdiction to decide the motion, now, therefore, it is ordered that plaintiff's motion to vacate judgment and permit the filing of an amended complaint be and hereby is dismissed.